[No. 10,189.]

## THE PEOPLE *v.* H. H. GRANICE.

TRIAL OF DEFENDANT.—The consent of the defendant cannot confer jurisdiction on the court to try him for any other offense than that charged in the indictment when it is found and returned by the grand jury.

TRIAL IN CRIMINAL CASE.—If the indictment, as found, charged only manslaughter, and words are interpolated making it charge murder, and the defendant, after being informed of the interpolation, pleads not guilty, and goes to trial, he may prove the interpolation on the trial, and can be tried for manslaughter only.

ALTERATION IN RECORD.—It is the duty of either party to bring to the attention of the court any alteration of the record of a pending proceeding promptly and at the earliest moment.

APPEAL from the District Court, Thirteenth Judicial District, County of Fresno.

The indictment as found and returned by the grand jury, read as follows, except the words in italics. The words in italics were afterwards interpolated, by being written on the margin of the indictment, opposite the first words of lines, being the same words they precede:

"H. H. Granice is accused by the grand jury of the county of Merced, State of California, of the *crime* of murder, a felony committed as follows: The said H. H. Granice, on or about the 7th day of December, eighteen hundred and seventy-four, at the town of Merced, in the county of Merced, in the State of California, then and there being, did, then and there, with a pistol loaded with powder and leaden ball, *maliciously*, feloniously, and unlawfully shoot and kill *and murder one* Edward Madden, a human being, etc."

The defendant pleaded not guilty. On the trial, after the prosecution had rested, the defendant moved to strike out those portions of the indictment which had been interpolated, and, in support of his motion, offered to prove the fact of the interpolations. The counsel for the prosecution opposed the motion, because, as he stated, he had informed the defendant's counsel of the interpolation before he had pleaded, and had offered to make an affidavit to that effect.

The court refused to hear evidence of the interpolation, and denied the motion. The defendant was convicted of murder in the first degree, and sentenced to imprisonment for life. The defendant appealed.

*D. C. Terry*, for the Appellant, cited 8 Ohio, 201, and *Weed* v. *Weed*, 25 Conn. 337.

*W. L. Dudley*, for the People.

By the COURT:

During the progress of the trial of this action, the defendant offered to prove that certain words had been inserted in the indictment, and that certain other words of the indictment had been changed since it was filed and became a record of the court. Objection to such proof was made by the prosecution, on the ground that the defendant's attorney had been informed by one of the attorneys for the prosecution, before the defendant pleaded to the indictment, "that the indictment had been tampered with after it had been found by the grand jury;" and "that there were plenty of witnesses to prove that it had been tampered with." The court refused to permit the defendant to make the proof. It is the duty of either party to bring to the attention of the court any alteration of the record of a pending proceeding, promptly, and at the earliest opportunity at which it can be done, after the alteration has come to his knowledge. In this case, that duty was as incumbent on the prosecution as on the defendant. Although the defendant did not promptly move in the matter, he is not thereby precluded from showing that alterations have been made in the indictment. The indictment, as it stood before the alleged alterations were made, only charged the defendant with the crime of manslaughter, but, as altered, it charged him with the crime of murder. The court, under that indictment, had no jurisdiction to try him for any crime other than such as was charged in the indictment when it was filed by the grand jury. Consent on the part of the defendant, whether given directly or inferred

from his acts or omissions, cannot confer jurisdiction upon the court to try the defendant for any other crime than such as is charged in the indictment, as found and returned by the grand jury.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.