.THE STATE v. EMERSON.

1. **Criminal Law: EVIDENCE.** Upon the trial of one indicted for larceny, evidence showing that he had compromised an action against him to recover the amount of the property alleged to have been stolen, was incompetent.

2. ————: POSSESSION OF STOLEN PROPERTY : EVIDENCE. An instruction directing the jury that in order to rebut the presumption of guilt arising from possession of property recently stolen, defendant must, by a preponderance of testimony, reasonably satisfy the jury that his possession was innocent, was *held* to be erroneous.

*Appeal from Madison District Court.*

WEDNESDAY, April 17.

THE defendant was convicted of grand larceny and sentenced to the penitentiary for one year. He appeals to this court. The facts of the case appear in the opinion.

*Ruby & Wilkin*, for appellant.

*J. F. McJunkin, Attorney General*, for the State

BECK, J.—I. The defendant is charged in the indictment with stealing three head of cattle, the property of one Wetzel. There was evidence tending to prove that he had taken the cattle from the range where they had grazed, and driven two to Winterset, where he sold them to a butcher, by whom they were slaughtered. Another one was found in his possession upon his farm. He claimed to own it, but finally gave it up to Wetzel. The identity of the cattle sold to the butcher, and defendant's ownership of the animals, were the subjects of conflicting testimony.

II. In support of the prosecution evidence was introduced, against defendant's objection, showing that Wetzel had brought an action against defendant for the value of the cattle. This

1. CRIMINAL law: evidence.

suit was settled and defendant paid Wetzel $125

The State v. Emerson.

in satisfaction of his demand. The testimony was clearly incompetent, and unquestionably had a prejudicial effect against defendant. Defendant may have settled the cause for the sake of peace, when really he was guilty of no crime and not justly liable in the action—such occurences are not uncommon—or he may have been liable to Wetzel for the value of the cattle, and yet be guilty of no crime. He may have innocently acquired the possession of the cattle from another by purchase, or even in good faith supposed them to have been his own property when he drove them from the range. In either case he would have been liable to the owner for the value of the property, yet he would not have been guilty of larceny. In such cases it would have been his duty to pay for the cattle and settle the suit. The testimony, in our opinion, was erroneously admitted by the district court.

III. The court gave the following instructions to the jury :

"7. Where it is shown that soon after the property was stolen the same, or some part thereof, was found in the possession of a defendant accused of the larceny, to avoid the

2. ———: possession of stolen property: evidence. presumption of guilt arising from such possession the burden of proof is upon him, and he must, by a preponderance of evidence, explain his possession, and reasonably satisfy the jury that it was innocent."

The last thought of this instruction is erroneous. It is this : In order to rebut the presumption of guilt from possession of property recently stolen, defendant must, by a preponderance of testimony, "reasonably satisfy the jury" that his possession is innocent; that is, the jury are authorized to convict the accused when the larceny has been proved, upon testimony showing his recent possession, unless they are satisfied, by a preponderance of testimony, such possession is innocent.

Now, the jury may not convict, unless they are satisfied, beyond a reasonable doubt, of defendant's guilt. The testimony may establish the larceny, and defendant's recent possession, beyond a reasonable doubt. But if that possession

was innocent, defendant is not guilty. We discover that the character of the possession and the *animus* of defendant are essential ingredients in determining his guilt. His innocence may not be presumed after the *corpus delicti* and recent possession are shown, but the burden of proving it is cast upon him. Innocence, under such circumstances, is in the nature of a defense to the case made by the recent possession. But when a reasonable doubt exists as to the character of the recent possession, whether it be innocent or guilty, a reasonable doubt exists as to defendant's guilt. If such doubts exist, he cannot be convicted. Now, such doubt may arise in the minds of the jury upon less than a preponderance of testimony. It was, therefore, erroneous to direct the jury that they could find defendant guilty unless defendant, by a preponderance of testimony, "reasonably satisfied" them his possession of the cattle was innocent.

It will be readily seen that defendant's guilt may have wholly turned upon the *animus* of his possession of the property. No question may have existed as to the *corpus delicti* or the recent possession. In that case, if they could have found defendant guilty because he had not established the innocence of his possession by a preponderance of proof, he would have been deprived of the benefit of the doctrine of reasonable doubt. *State v. Porter*, 34 Iowa, 131.

Other questions raised in the case need not be discussed. It is sufficient to say that we discover no other errors in the record. For those above pointed out, the judgment of the district court must be

REVERSED.