[No. 20778.   In Bank. — December 30, 1891.]

## THE PEOPLE, RESPONDENT, v. JAMES CARROLL ET AL., APPELLANTS.

CRIMINAL LAW — INFORMATION — WITHDRAWAL AS TO ONE DEFENDANT — ALTERATION AFTER ARRAIGNMENT. — The fact that an information against several defendants was altered after arraignment and plea, before trial, upon withdrawal of the information as to one of the defendants, by the erasure of such defendant's name by some person connected with the court, although an unauthorized and dangerous act, does not prejudice the other defendants in respect of any substantial right, or render the information fatally defective as to them.

ID. — ROBBERY — EVIDENCE — OFFER TO PLEAD GUILTY OF LARCENY — ADMISSIONS TO ARRESTING OFFICER. — A police-officer who arrested the defendants under a charge of robbery may testify upon the trial of such charge, that he afterwards visited the defendants in the city prison at their instance, and that the defendants, without any inducement, offer, or statement from him, asked him upon such visit if he would allow them to plead to petty larceny, and that they several times afterward offered to plead guilty to that offense.

ID. — CROSS-EXAMINATION OF PROSECUTING WITNESS — OWNERSHIP OF WASH-HOUSE — IMMATERIAL EVIDENCE. — Where the prosecuting witness, who testified to the robbery, also testified in chief that he kept a wash-house, and on cross-examination testified that he owned the wash-house himself, and had no partner, though he had a brother there with him, he cannot be further asked, on cross-examination, whether his brother had an interest in the business, against an objection to the immateriality of the evidence.

ID. — ALIBI — INSUFFICIENT EVIDENCE — REMOTE QUESTION. — A witness for the defendants who testified that he saw the prosecuting witness on the day of the alleged robbery about the place of the alleged assault, without fixing any time of day, and that he did not see the defendants there, or see any one doing anything to the prosecuting witness, cannot be asked whether anybody could have done anything to the prosecuting witness without his seeing it.

ID. — INSTRUCTIONS — HARMLESS MISTAKE — FACTS AGAINST DEFENDANT —
REASONABLE DOUBT. — Where the court properly instructs the jury, at
the request of the defendant, that facts against the *defendant* must be
proved beyond a reasonable doubt, a mistake or misprint in repetition
of the same instructions, upon the court's own motion, in substituting
the word "evidence" for the word "defendant," could do no harm.

ID. — FACTS IN FAVOR OF DEFENDANT — DOUBT — REFUSAL OF OBSCURE IN-
STRUCTION. — The refusal of the court to give an instruction asked for
by the defendant, that "any fact in favor of a defendant is sufficiently
established when proven by a preponderance of evidence, and even
though as to such fact the jury have *some doubt*, if it has been proven by
a preponderance of evidence they must acquit," is not error. The lan-
guage of such instruction is obscure, and does not properly state the
rule as to reasonable doubt of defendant's guilt upon the whole case.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, from an order denying
a new trial, and from an order denying a motion in
arrest of judgment.

The defendants were convicted of the crime of robbery,
committed on the twelfth day of August, 1890, in taking
twenty dollars from the pocket of one Loo Goon, a China-
man.   Loo Goon testified in chief that the robbery was
committed about half-past twelve o'clock, at noon, on the
sidewalk of Mission Street, near Eighth Street, while on
his way with a basket to 129 Eighth Street, where he
kept a wash-house.   On cross-examination he testified
that he had no partner, and owned the wash-house him-
self, though he had a brother there with him.   He was
then asked: "Your brother has an interest in the busi-
ness, has n't he?" which question was excluded as im-
material.   The police-officer who arrested the defendants
under charge of robbery testified that two or three days
afterward he went to the city prison at their request, and
then, without any inducement, or offer of reward, or
statement from the officer, the defendants asked him if
he would not allow them to plead to petty larceny, and
that afterwards, on several occasions, they offered to plead
guilty to that offense.   The witness Egan testified for
the defendants that on the twelfth day of August he saw
the prosecuting witness near the corner of Eighth and
Mission streets, and did not see the defendants there, or

see anybody do anything to the Chinaman, and was then asked: "Could anybody have done anything to the Chinaman without you seeing it?" which question was objected to as irrelevant and immaterial and too remote, and the objection was sustained. The witness stated that he could not say what time it was. Further facts are stated in the opinion of the court.

*Carroll Cook*, and *J. E. Foulds*, for Appellants.

*Attorney-General Hart*, and *Deputy Attorney-General Sanders*, for Respondent.

McFARLAND, J. — The defendants were convicted of robbery, and appeal from the judgment, from an order denying a new trial, and from an order denying a motion in arrest of judgment.

The main point made by appellants is, that the original information was altered after arraignment and plea, and before trial. The facts are, that the information charged the appellants and also one John Murphy. It appears that afterwards the information was withdrawn as against Murphy, and that some one connected with the court erased the words "and John Murphy," and the word "and," where it occurred in another place, by drawing a black line through the same. This was certainly an unauthorized and dangerous act; and if it did not appear clearly what the alterations were, and that they could not have prejudiced or injured appellants, the consequence might have been serious. But as the alterations clearly appear, and as they could not "have actually prejudiced defendants, or tended to their prejudice in respect to a substantial right," they are not good grounds for a reversal of the ·judgment, no matter how censurable the act of making them. We hope, however, that this case will not be taken as a precedent for similar conduct hereafter.

We do not think that, under the circumstances detailed by the bill of exceptions, the court abused its discretion in curtailing the cross-examination of the prosecuting

witness, or of sustaining the objections to the questions asked him.

The objection to evidence of a certain conversation between appellants and a police-officer, upon the ground that it did not appear that appellants were acting voluntarily, and uninfluenced by promises or threats, is not tenable. It does appear that the conversation was voluntary and without being influenced by the officer. Neither was there any material error in sustaining objections to certain questions asked by appellants' counsel of the witness Egan. It does not appear that he was present at the time of the alleged assault. Moreover, he testified, without objection, as follows: "I saw the Chinaman, the prosecuting witness, there. I did not see the defendants there at all. I did not see anybody doing anything to the Chinaman at all."

We see no error in the instructions to the jury. In the instruction mainly objected to — given by the court of its own motion — the word " evidence " is either a misprint or was used inadvertently instead of " defendant," and could have done no harm. Moreover, the precise instruction, with the word "defendant" in its proper place in the sentence, was given at the request of defendant as follows: "No fact in the case can be considered as sufficiently proven by a preponderance of evidence, and facts against the *defendant* must be proven by even more than a preponderance of evidence; they must be proven beyond a reasonable doubt." As this instruction was asked by appellants, they cannot object to it. And there was no error in denying the fourth instruction asked by appellants. It was as follows: " Any fact in favor of a defendant is sufficiently established when proven by a preponderance of evidence, and even though as to such fact the jury have some doubt, if it has been proven by a preponderance of evidence, they must acquit." This language is obscure; and before a judgment will be reversed for a refusal to give an instruction, the meaning of the proposed instruction must at least be clear. The meaning of the proposed instruction here is,

probably, that if a jury have " some doubt " whether a
fact in favor of defendant has been proven by a prepon-
derance of evidence, "they must acquit." But this prop-
osition cannot be maintained. In *People* v. *Bushton,*
80 Cal. 160, and kindred cases, the lower court had
affirmatively instructed that on a trial for murder the
defendant must show circumstances of mitigation, justi-
fication, or excuse by a preponderance of evidence, by evi-
dence stronger than that of the prosecution; and this
court held that such affirmative instruction was wrong,
and that the defendant should be acquitted " if, *upon the
whole case,* they entertained a *reasonable* doubt, from the
evidence, of his guilt." But that is very different from
saying that if a jury had *some doubt* whether a defendant
had proven a fact in his favor by a preponderance of
evidence, they should acquit.

We think that the case was fairly submitted to the
jury. The real question in the case was, whether the
evidence warranted a conviction. But the determination
of that question rested upon the credibility of certain
testimony, a matter clearly within the proper province
of the jury.

The judgment and orders appealed from are affirmed.

De Haven, J., Sharpstein, J., Harrison, J., and Ga-
routte, J., concurred.

Paterson, J., dissenting. — I dissent. The court erred,
I think, in permitting the prosecution to show that the
defendant had asked a police-officer whether the charge
could be reduced to petty larceny. (Wharton's Crim.
Ev., sec. 655; *State* v. *Emerson,* 48 Iowa, 172.)

I think the court erred in excluding the question
asked by defendants in the cross-examination of the
prosecuting witness, Loo Goon.