[Crim. No. 1.   First Appellate District.—May 29, 1905.]

# THE PEOPLE, Respondent, v. WILLIAM NOON, Appellant.

CRIMINAL LAW—BURGLARY—INTENT TO COMMIT LARCENY—SUFFICIENCY OF EVIDENCE.—*Held,* that, considering the time of the entry, the clandestine manner thereof, and the precipitate flight of the defendant, though no larceny was committed, the jury were justified in finding that the entry was with the intent to commit larceny.

ID.—MUTILATION OF INFORMATION—MISSING PAGE—CONTENTS NOT PROVEN—NEW TRIAL.—Where it appears at the arraignment of the defendant that the original information contained one page more than the copy furnished the defendant, objection to which was waived, and before testimony was given it appeared that the original had been mutilated by removing a page therefrom, and no evidence was given on the hearing of objections thereto as to what the missing page contained, it cannot be said that it did not contain matter of defense or modifying the charges; and a new trial must be granted to supply proof as to its contents.

ID.—PRESUMPTION AS TO KNOWLEDGE OF DISTRICT ATTORNEY.—As the information was signed by the district attorney and was presumably drafted by some one connected with his office, the proof of the contents of the missing page may be presumed to have been peculiarly within the knowledge of the district attorney.

ID.—JURISDICTION OF COURT ON NEW TRIAL—EFFECT OF MISSING PAGE. —The jurisdiction of the court to retry the defendant cannot be affected if it should appear that the missing page was removed by some unknown person or was accidentally detached, and if it be shown that the matter· removed does not affect what remains or is of such a nature that defendant would not be prejudiced by its removal.

ID.—CHARGE OF PRIOR CONVICTION—DISMISSAL.—If it be clearly shown that the missing page contained an additional charge of prior conviction, such charge may be dismissed, and the trial may then proceed on the information as it now stands.

ID.—PRACTICE—CHARGES OF PRIOR CONVICTION—RECORD.—Where the charges of a prior conviction are admitted, the proper place to show the same is in the minutes of the plea, a copy of which should be inserted in the judgment-roll; and error appears where the minutes of the plea show only the general plea of not guilty, and the jury did not return any finding upon the charge of prior con·viction, although the judgment recites a conviction of five such charges.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

H. Krouse, and A. S. Newburgh, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

HALL, J.—This is an appeal by the defendant in a criminal action from an order denying his motion for a new trial and from the judgment of imprisonment in the state prison for the term of twenty years.

The information charges the defendant with burglary, together with several prior convictions. The entry is alleged to have been of the "house, room, etc., of one C. Heuser, located at 503 Mason Street," etc.

It is urged by appellant that the evidence was insufficient to justify a finding of an entry of the premises by the defendant, or that such entry was with the intent to commit larceny. A careful examination of the evidence set forth in the bill of exceptions does not in our opinion sustain the contention of defendant in this regard. C. Heuser, the occupant of the room alleged to have been entered, testified in substance, among other things, that he left his room at 503 Mason Street at eleven o'clock in the forenoon of the twentieth day of January; that he did not light the gas at all that morning; that he returned to the room at a quarter to one in the night and found the room in the same condition as when he left it; nothing was disturbed. His room was the back room on the second story.

Edward Asher, who, according to the evidence, resided in the same house in a room immediately under Heuser's room, testified that on the night in question he heard a noise, and,

continuing, said: "I didn't pay particular attention at first. I heard the window upstairs open. It came down with a bang. I heard somebody walking. I jumped up and ran upstairs. I knew Mr. Heuser never came home at that time. I knew where he was employed. I went upstairs immediately. I heard walking quickly around. I started to open the door, and I said 'Who is there?' and just as I said that 'bang' went the window. Then I ran into the bathroom and I said, 'What is the matter down there?' and I did not receive any response, and just then there was a crash." He further testified that after getting a pass-key, and entering the room, he found nothing disturbed except that the gas was lighted.

Josephine La Fargue testified that she occupied the adjoining house, which was separated by a court from 503 Mason Street, the court being at the rear of 503 Mason Street. On the night in question she heard a noise and saw defendant in her house. He ran out of the house, but left an overcoat. She further testified that when she went to bed that night a step-ladder was against the house of 503 Mason Street. It was then unbroken, but when she saw it next morning it was broken.

The arresting officer testified that after the arrest of the defendant he said to the officer: "You can't convict me of burglary because I did not take anything out of that room."

From the foregoing statement of the evidence it is a fair deduction that the defendant did enter the room of Mr. Heuser, and on being interrupted escaped through the window into the court, and thence fled through the adjoining house.

Considering the time of the entry, the clandestine manner thereof, and the precipitate flight of the defendant, the jury were justified in finding that the entry was with the intent to commit larceny.

A more serious objection to the action of the trial court arises out of the following state of facts: Upon the arraignment of the defendant it was discovered that the original information contained one page more than the copy furnished the defendant. This irregularity, however, was at the time waived by the defendant. Defendant pleaded not guilty,

with privilege to withdraw plea. At the trial, after the jury had been sworn, the clerk read to the jury the information as the same now appears in the judgment-roll, omitting to read the prior convictions therein charged, and stated the plea of not guilty on behalf of the defendant thereto. A witness was called for the prosecution and sworn, but before any testimony was given defendant's counsel called the attention of the court to the fact that the information that had just been read contained one page less than the information on file at the arraignment, and on which defendant had been arraigned, and in effect objected to the defendant being tried on the mutilated information. The court thereupon took testimony as to the alteration in the information, and overruled the objection, and the defendant excepted. The objection was in substance repeated upon the first question being put to the witness, and was overruled and exception reserved.

The testimony taken on the hearing of the objection shows that a page of the original information containing printed and written matter had been removed, or had become detached, and was missing at the trial. No evidence was given on the hearing of he objection as to what the missing page contained. The clerk of the court, the deputy district attorney, the judge of the court, and counsel for defendant each testified, but no effort was made to prove the contents of the missing page, or to contradict the testimony that a page was missing. In the remarks made by the court in ruling on the objection, the court seems to have assumed that the missing page contained only a charge of a prior conviction.

Before judgment was rendered the same matter was again presented to the court upon a motion in arrest of judgment, and testimony was again taken. On this hearing the clerk did testify that the missing page contained a charge of prior conviction, but that it might have contained something else. No effort was made to prove the precise contents of the missing page. The entry in the clerk's register under date of February 26, 1904, is as follows: ''Information for felony, to wit, burglary, and five prior convictions, presented by the district attorney and filed''; while the information now in the judgment-roll, from which confessedly one page is missing, still contains five charges of prior conviction. The

fair inference from this is, that the missing page contained something else than a charge of prior conviction.

However this may be, it certainly nowhere appears in the record that the missing page contained *only* a charge of prior conviction. As the information was signed by the district attorney, and was presumably drafted by some one connected with his office, the proof of the contents of the missing page may well be presumed to have been peculiarly within the power of the district attorney.

If it had been clearly shown that the missing page contained only a sixth charge of prior conviction, we are of opinion that defendant could not have been injured or prejudiced by the removal of such charge from the information. Indeed, counsel for defendant in his brief concedes this to be so, and cites us in that connection to *People* v. *Carroll,* 92 Cal. 568, [28 Pac. 600], in which case the defendants, together with one John Murphy, were charged in the information with the crime of robbery. The court said: ''It appears that afterwards the information was withdrawn as against Murphy, and that some one connected with the court erased the words 'and John Murphy' and the word 'and' where it occurred in another place, by drawing a black line through the same. This was certainly an unauthorized and dangerous act; and if it did not appear clearly what the alterations were, and that they could not have prejudiced or injured appellant, the consequence might have been serious. But as the alterations clearly appear, and as they could not 'have actually prejudiced defendants or tended to their prejudice in respect to a substantial right,' they are not good grounds for a reversal of the judgment, no matter how censurable the act of making them. We hope, however, that this case will not be taken as a precedent for similar conduct hereafter.''

In this case, as it does not clearly appear what the missing page contained, we cannot say that it did not contain matter that would have been a defense or a material modification of the main charge. For this reason the judgment and order denying the motion for a new trial must be reversed.

We are asked by counsel for the defendant not only to reverse the judgment in this case, but also to order the information dismissed, upon the theory that the information

having been altered no new trial can be had thereon, and he cites us to *Calvin* v. *State,* 25 Tex. 789, and *Ex parte Bain,* 121 U. S. 1, [7 Sup. Ct. 781].

*Calvin* v. *State* was an indictment by the grand jury for murder, which, by agreement of counsel, was amended by striking therefrom certain words which went to the description and identification of the person killed. Manifestly an indictment emanating from the grand jury cannot be amended in matter of substance by either the court or the district attorney. It was consequently held in this case that all proceedings under the indictment must be annulled and the prisoner held to answer to the next grand jury. The court did say, however: ''We do not believe that every accidental or intentional mutilation or partial obliteration of an indictment would have the effect to destroy its vitality, because this would be to place the power of the courts to punish offenses too much at the mercy of reckless and unscrupulous men.''

In accord with the foregoing quotation, we say we cannot believe that a court can be deprived of the jurisdiction to try a defendant because some portion of an information be removed from the document by some unknown person, or perhaps accidentally detached and lost, especially if it be shown that the matter removed does not in any way affect what remains or be of such a nature that defendant could not be prejudiced by its removal.

*Ex parte Bain* was also an indictment by a grand jury which had been changed by order of the court in a matter of substance that went to the description of the particular offense charged, and the prisoner was discharged on a writ of *habeas corpus.*

In the case of *People* v. *Granice,* 50 Cal. 447, where it was conceded that certain words were interpolated in an indictment for manslaughter so as to change the charge to one for murder, the court reversed the judgment and remanded the cause for a new trial. So in *People* v. *Carroll,* 92 Cal. 568, [28 Pac. 600], where it clearly appeared what the alteration was, and that it could not have prejudiced the defendant, the irregularity was held not to warrant a reversal.

Upon the return of this case to the trial court, if it clearly appear that the missing page contained only a charge of a

I Cal. App.—4

prior conviction, no reason is perceived why such charge may not be dismissed or withdrawn, and the trial then proceed on the information as it now stands.

At the oral argument our attention was also called to the fact that the minutes of the plea show only the general plea of "Not guilty." Neither do the "minutes of the court" contained in the judgment-roll show that the charge of prior convictions was admitted; nor did the jury return any finding as to the charge of prior convictions, although the judgment recites a conviction of five such charges. If in fact the defendant did admit the charge of prior convictions, the proper place to show the same is in the minutes of the plea, a copy of which should be inserted in the judgment-roll. (Pen. Code, sec. 1207.)

However, it is not necessary to discuss the effect of this error, as a new trial must be had for the reasons hereinbefore set forth, and we only call attention to this matter in order that it may be corrected when the case is again before the trial court.

Judgment and order denying motion for a new trial are reversed and cause remanded for new trial.

Cooper, J., and Harrison, P. J., concurred.