[Crim. No. 215.　Second Appellate District.—November 6, 1911.]

## THE PEOPLE, Respondent, v. GEORGE BARLOW, Appellant.

CRIMINAL LAW—COMMISSION OF LEWD AND LASCIVIOUS ACTS WITH CHILD—SUPPORT OF VERDICT—REVIEW UPON APPEAL—QUESTION OF LAW.—Where defendant was convicted of the crime defined in section 288 of the Penal Code, in willfully committing lewd and lascivious acts with a young girl eight years of age, and the sole contention of the defendant upon appeal is that the evidence was insufficient to justify the verdict of the jury, it is held that that question can only be reviewed upon appeal when there is an entire absence of evidence tending to support the verdict, so as to raise only a question of law.

ID.—QUESTION OF FACT—CONCLUSIVENESS OF VERDICT.—When the evidence which bears against the defendant, considered by itself, and without regard to conflicting evidence, tends to support the verdict, the question ceases to be one of law, of which alone this court has jurisdiction, and becomes one of fact, upon which the decision of the jury and the trial court is final and conclusive. Under this rule, the sole question is whether the evidence offered by the prosecution, none having been introduced by the defendant, tended to support the verdict. It is held, upon a review of the evidence, the jury having promptly found the defendant guilty as charged, this court cannot say that it was not justified in its conclusion, and the verdict cannot be disturbed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Tom L. Johnston, for Appellant.

U. S. Webb, Attorney General, and George R. Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—Defendant was convicted upon an information charging him with the offense defined in section 288 of the Penal Code. He appeals from the judgment and an order of court denying his motion for a new trial.

Appellant's sole contention is that the evidence was insufficient to justify the verdict of the jury. The rule is well settled that upon an appeal by a defendant in a criminal case this court will pass only upon questions of law, and it is only where there is an entire absence of evidence to support a verdict that a question of law is presented. "If the evidence which bears against the defendant, considered by itself, and without regard to conflicting evidence, tends to support the verdict, the question ceases to be one of law— of which alone this court has jurisdiction—and becomes one of fact, upon which the decision of the jury and the trial court is final and conclusive." (*People* v. *Saunders,* 13 Cal. App. 746, [110 Pac. 825].) Under this rule, the question is whether the evidence offered by the prosecution,—none whatever being adduced by the defendant,—*tended* to support the verdict. The facts which the evidence tends to establish are as follows: That defendant for the first time met the prosecutrix, a girl of eight years of age, upon the sidewalk near what is known as the roller-coaster at Long Beach; that he gave her some oranges and a sandwich and told her to go down under the roller-coaster, stating that he would meet her there. She did as requested and defendant shortly afterward joined her. She testified that she could not remember whether defendant put his hands upon her, or what he did, while they were down under the roller-coaster.

Nevertheless, the child's testimony was material in that it tended to prove the relation existing between herself and defendant prior to the meeting to be that of strangers. An officer connected with the police force saw defendant sitting with the girl under the roller-coaster, which was to some extent at least protected from the view of passers-by and others in the vicinity, and from a place of concealment fifty or sixty feet distant he watched them. His testimony was that defendant, among other things done by him, pulled the child's dress up above her knees and repeatedly placed his hand up as far as he could get it under her dress. While he could not and did not state that the defendant placed his hand upon her privates, nevertheless, there could be no doubt from his testimony, if the jury believed it, as to the fact that defendant did commit lewd and lascivious acts with the child, as charged in the information, nor as to the intent with which the acts were done.

The jury appears to have been prompt in reaching a verdict of defendant's guilt, and, under the evidence, this court cannot say that it was not justified in its conclusion.

The judgment and order appealed from are affirmed.

Allen, P. J., and James, J., concurred.