[Crim. No. 1101.   Second Appellate District, Division One.—June 9, 1924.]

THE PEOPLE, Respondent, v. GUY J. JENKINS, Appellant.

[1] CRIMINAL LAW — ARSON — OWNERSHIP OF HOUSE — EVIDENCE.—In this prosecution on a charge of arson in the second degree, the evidence was insufficient to prove that defendant burned a house which was the property of the prosecuting witness, or of any known person.

[2] ID. — EVIDENCE — CONFESSION — CORPUS DELICTI — INSUFFICIENT FOUNDATION.—In such prosecution, assuming that the evidence was sufficient to justify the court in determining that the confession of defendant was admissible as against the objection that it was not voluntary, nevertheless it should have been excluded because there was no separate and independent evidence tending to es-

---

1. Proof of *corpus delicti* in arson, notes, 13 Ann. Cas. 803; Ann. Cas. 1914C, 330; 16 L. R. A. (N. S.) 285, L. R. A. 1916D, 1299. See, also, 3 Cal. Jur. 175; 2 R. C. L. 513.

tablish the *corpus delicti,* as it was not proved that the fire was of incendiary origin or that the house in question was the property of the prosecuting witness.

(1) 5 **C. J.**, p. 582, sec. 68.    (2) 16 **C. J.**, p. 737, sec. 1514.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. E. A. Luce, Judge. Reversed.

The facts are stated in the opinion of the court.

Marcus W. Robbins, Edward H. Whelan and A. Thomas Whelan for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant was tried before a jury and found guilty of arson in the second degree as charged in the information. By the judgment he was sentenced to be confined in the state prison. The defendant appeals from the judgment and from the order denying his motion for a new trial.

The information charged that the defendant on the fifth day of October, 1923, in the county of San Diego, did, with intent to destroy, willfully, etc., set fire to and cause to be burned, a certain building, to wit, a dwelling-house known as 3290 Wabash Avenue, situated in the city of East San Diego, in said county; said building being then and there the property of one Emma R. Jenkins. The evidence shows that the house was located on lot 7 of block H in Montclair Addition, in East San Diego. The defendant and Mrs. Jenkins were husband and wife. On the eighteenth day of September, 1923, in an action of divorce between said husband and wife, an interlocutory judgment was entered to the effect that the plaintiff, Mrs. Jenkins, was entitled to a divorce from the defendant; that, at the expiration of one year from the entry of the interlocutory judgment a final decree be entered dissolving the marriage, ''and that she be

2. Use of confession in aid of other evidence to establish *corpus delicti,* note, 68 **L. R. A.** 73. See, also, 3 **Cal. Jur.** 172; 2 **R. C. L.** 515.

awarded the control and custody of . . . their minor child; that she be decreed that part of lot 9, block H, Montclair Addition, East San Diego, Calif., belonging to defendant, and the equity belonging to Guy J. Jenkins, the defendant, in Pacific Building Company in lots 7 and 8, block 'H'; Montclair Addition, East San Diego, California.'' The evidence shows that at some time prior to the divorce action the defendant and Mrs. Jenkins had lived in said house, which was a one-room shack of the value of about sixty dollars. The evidence further shows that after said proceedings in the divorce action, the house was occupied by the defendant alone. There is no evidence of the ownership of the house and lot, or that, at the time of the entry of the interlocutory judgment, or at any other time, the defendant had any equity or other right or title to said premises. For aught that appears, he may have been a mere squatter on the land or a tenant at will of the owner; or his ''equity,'' if any he had, may have expired before the time of the fire. [1] We are of the opinion that the evidence is insufficient to prove that the defendant burned a house which was the property of Emma R. Jenkins, or, indeed, of any known person.

A sister of Mrs. Jenkins testified that about the last of September or the first part of October she had a conversation with the defendant, wherein the defendant said that he was going to set fire to the house and burn it down. It appears from the testimony of witnesses that, at about noon of October 5th, the defendant went with one C. J. Beach, who operated a Ford truck, and took from said house all of the personal property therein except an old couch and two suitcases. The house did not contain electric wiring or any gas, kerosene, coal-oil, or gasoline. Mr. Beach, called as a witness for the state, testified to these facts and further stated that he remained with the defendant during all of the time while they were at the house and that the defendant did not light any matches, nor burn any brush, nor start any kind of a fire while they were there. On leaving the premises they took to a second-hand store the furniture that had been put into the truck, and defendant sold it to the second-hand dealer.

The second-hand dealer testified to the transaction with the defendant and stated that the defendant remained there at his store about three-quarters of an hour.

The time of the fire, as compared with the time when defendant and the drayman left the house, was established by two witnesses for the people. They lived in the neighborhood and they agreed that it was about one hour after defendant left the premises when they noticed that the house was on fire. It was in flames and burned down very quickly. There is no evidence that the defendant returned to the premises after he and Beach drove away in the truck.

Other than a so-called confession, to which we will now refer, the foregoing is substantially all of the evidence on which the state relies to prove that the fire was of incendiary origin, or that it was set by the defendant.

On the 12th of December, 1923, one Frank A. Wisler, a detective employed by the district attorney's office, arrested the defendant and took him to the detective's office. According to the testimony of Wisler and others, Wisler there obtained from the defendant a statement which was reduced to writing. In that statement, signed by the defendant, it is said that after selling the goods at the second-hand store, the defendant went back to the house and set it on fire. The defendant objected to the use of this alleged statement or confession, and to the testimony that he had made such a confession, on the ground, among others, that there was no proof of the *corpus delicti,* and that there was no proper foundation laid. Wisler had testified that at the time of obtaining the statement no threats were used and no promises or offers of reward were made in order to secure the statement from the defendant. He admitted, however, that he told the defendant, among other things, that he had certain evidence and asked the defendant "if he wanted to tell the truth about the matter, or if he wanted his word to stand as it was." The defendant had denied that he knew anything of the burning of the house. "I told him if he thought better to lie to use his own judgment, and I showed him what evidence we had." Again: "I kept repeating about using his own judgment, if he thought best to lie, to lie; if he thought better to tell the truth, to tell the truth; that I was in a hurry, I could not wait for him, and I had to go." Thereupon, according to the witness, the defendant made the statement which was reduced to writing.

[2] Assuming, without deciding, that the evidence was sufficient to justify the court in determining that the con-

fession was admissible as against the objection that it was not voluntary, we think that it should have been excluded because there is no separate and independent evidence tending to establish the *corpus delicti.* It was not proved that the fire was of incendiary origin, or that the house in question was the property of Mrs. Jenkins. (*People* v. *Vertrees,* 169 Cal. 404, 408 [146 Pac. 890]; *People* v. *Simonssen,* 107 Cal. 345 [40 Pac. 440]; *People* v. *Saunders,* 13 Cal. App. 743, 747 [110 Pac. 825].) It is true that in some of the cases it has been held that slight evidence is sufficient to overcome the legal presumption that the burning of a building was accidental. Such evidence, however, should be of more substantial character than that produced in this case.

The judgment and order are reversed.

Houser, J., and Curtis, J., concurred.