## THE PEOPLE, Respondent, v. JOHN ROGANOVICH et al., Appellants.

[1] CRIMINAL LAW—ARSON—EVIDENCE—VERDICT.—In this prosecution in which the defendants were charged with and convicted of the crime of first degree arson, the evidence showing the purchase by defendants of a restaurant business in the burned building, that the fire broke out in the restaurant, that an odor of gas was noticed by firemen extinguishing the fire, that defendants were seen in and near the building shortly before the fire, which was at an early hour in the morning and it was unusual for defendants to be there at that time, that a partially burned sack with coal-oil on it was found in the restaurant after the fire and no coal-oil was used in the restaurant before the night of the fire, that defendants had the bill of sale recite that the business had been purchased for a much larger sum than actually paid, and they attempted to and did obtain insurance for a

1. See 3 Cal. Jur. 174.

still larger sum, coupled with other evidence strongly tending to show that the fire was purposely set, was sufficient to justify the verdict of guilty.

[2] ID. — MOTION FOR INSTRUCTED VERDICT — EVIDENCE — APPEAL.—On appeal from the judgment of conviction in such arson prosecution, it is not for the appellate court to substitute its opinion of the facts for that of the jury and the trial judge, but the appellate court is limited to passing upon the question as to whether the circumstances justified the judge in denying the motion of the defendants for an instructed verdict.

[3] ID.—CORPUS DELICTI—EVIDENCE.—In such prosecution, the evidence having been sufficient to produce a conviction in an unprejudiced mind that the fire in question was incendiary and not of accidental origin, and there having been no explanation as to why the defendants were in the restaurant at an unusual hour in the morning just before the fire broke out, and their conduct at the time, taken in connection with the fire that followed, having been unusual and of such a nature as to excite suspicion and tend to produce a conviction of the defendants' guilt, there was no merit in the contention that the *corpus delicti* was not established.

[4] ID.—EVIDENCE — CORPUS DELICTI — BURDEN OF PROOF — INSTRUCTIONS.—In such prosecution, there having been evidence of substantial weight tending to prove the *corpus delicti*, and the court having instructed the jury upon the definition of the phrase "*corpus delicti*" and the burden of proof, it was not error for the trial court to refuse defendants' requested instruction upon the same proposition, but which contained the further proposition to the effect that the defendants' statements, if any, could not be used to establish any necessary element of the commission of the crime for which they were charged under the information filed in the case.

[5] ID.—CIRCUMSTANTIAL EVIDENCE—INSTRUCTIONS.—In such prosecution, the trial court did not err in refusing defendants' requested instructions upon the weight of circumstantial evidence, where the same propositions in other terms were contained in instructions which were given by the court.

(1) 5 C. J., p. 580, n. 16.    (2) 17 C. J., p. 255, n. 52, p. 262, n. 76.
(3) 5 C. J., p. 580, n. 21; 16 C. J., p. 771, n. 26, p. 772, n. 27.
(4) 16 C. J., p. 1063, n. 85.    (5) 16 C. J., p. 1002, n. 21.

3.  See 3 Cal. Jur. 176.
5.  See 8 Cal. Jur. 314; 14 R. C. L. 752.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. L. D. Jennings, Judge.    Affirmed.

The facts are stated in the opinion of the court.

R. A. McKay and A. A. Howell for Appellants.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

YORK, J.—Defendants were charged with the crime of first degree arson and were convicted as charged.   They moved the court for an arrest of judgment and moved for a new trial, which motions were by the trial court denied and judgment was thereupon entered.   They appeal to this court from the order of the trial court denying their motion for a new trial, and from the judgment of the court entered on the verdict of the jury.

[1]   The first objection urged by defendants is the denial of their motions for a directed verdict, but they make only general reference to the transcript for a statement of what the evidence was without making any precise statement of what they claim the facts to be.   A review of the reporter's transcript shows evidence that the defendants purchased the business, stock, and equipment of a restaurant, where the fire was alleged to have occurred, for $200.   They were renting a portion of the building of one Max Stiller, who testified that about midnight on May 3d, or fifteen days before the fire, he was awakened by the defendant Roganovich, who stated that the telephone pole near the building was on fire.   Before he could proceed to the building said defendant "came running back and said the fire was all out."   Later, after the fire in the building, he examined the telephone poles near the building and could not find any sign of any fire.   The fire broke out in the restaurant; fires were burning through the floor and an odor of gas was noticed by firemen extinguishing the fire.   Shortly before the fire defendants were seen in and near the building.   It was unusual for them to be in the building at such an early hour of the morning.   A sack which had coal-oil on it and which was partly burned was found in the restaurant after

the fire. There is direct evidence that no coal-oil was in the restaurant before the night of the fire, and the evidence strongly tended to show that the fire was purposely set. The evidence showed although the defendants had purchased the restaurant for $200, they had their bill of sale recite a much larger sum and reported that they had paid $750 for this stock and equipment, and attempted to obtain insurance at a $2,000 valuation and actually did obtain insurance for $1,000 on the equipment and $500 on the stock prior to the fire. These facts, none of which was disputed, were of themselves sufficient to justify the verdict of the jury. **[2]** It is not for this court to substitute its opinion of the facts for that of the jury and the trial judge. We are limited to passing upon the question as to whether the circumstances justify the judge in denying the motion of the defendants for an instructed verdict. **[3]** A careful examination of the transcript herein convinces us that the evidence adduced in this case was sufficient to produce a conviction in an unprejudiced mind that the fire in question was incendiary and not of accidental origin. There was no explanation as to why the defendants were in the restaurant at an unusual hour in the morning just before the fire broke out. Besides, their conduct at that time, taken in connection with the fire that followed, was unusual and of such a nature as to excite suspicion and tend to produce a conviction of the defendants' guilt. (*People* v. *Lang,* 142 Cal. 488 [76 Pac. 232].) This disposes of the contention that the *corpus delicti* was not established. In *People* v. *Vertrees,* 169 Cal. 404 [146 Pac. 890], cited by appellants, the court was considering an extrajudicial confession of defendant, admitted without other evidence establishing the *corpus delicti.* Held, that defendant's confession cannot be used to prove a necessary element of the crime that would be wholly lacking without such confession.

In the brief for appellants, it is claimed that the court erred in failing to give certain instructions requested by defendants. Of these the most important apparently were, (a) upon the question of *corpus delicti;* (b) an instruction requested by them to the effect that there was no evidence to go to the jury warranting them to convict the defendants under the testimony in the case and the information filed therein; (c) defendants' requested instructions upon the

77 Cal. App.—11

weight of circumstantial evidence. It is further charged "that the court erred in refusing all of defendants' requested instructions." None of these proposed instructions is set forth in the brief. However, we have examined them in the clerk's transcript, and have examined the instructions given by the court to the jury.

The proposed instruction (a) reads as follows: "The *corpus delicti* involves the elements of crime; and in order to prove it, all the elements of the crime must be made to appear before the defendants' statements (if any) are admissible for any purpose; and they cannot be used to establish any necessary element of the commission of the crime for which they have been charged under the information filed in this case."

[4] The instructions given by the court relating to the matter of proof of the *corpus delicti* consist of a definition of the phrase "*corpus delicti,*" together with the instruction that "the burden of proof is upon the prosecution to prove the *corpus delicti* in this case"; that mere proof of the burning of a building alone does not establish the *corpus delicti* of the crime of arson; that where the evidence fails to show beyond a reasonable doubt that the building was criminally burned there can be no conviction of arson; and that no conviction can be had without satisfactory proof beyond a reasonable doubt that the building described in the information was feloniously, wilfully, and maliciously burned "by the defendants, or either of them, and was not accidentally burned." The jury was not instructed upon the proposition contained in the proposed instruction, to the effect that the defendants' statements, if any, "cannot be used to establish any necessary element of the commission of the crime for which they have been charged under the information filed in this case." In *People* v. *Jenkins*, 67 Cal. App. 631 [228 Pac. 405], it was decided by this court, pursuant to authorities there cited, that evidence of a confession of the defendant should have been excluded, for the reason that there was no separate and independent evidence tending to establish the *corpus delicti*. But it does not follow that where there has been received evidence of substantial weight tending to prove the *corpus delicti*, a confession made by the defendant may not be used by the jury as cumulative evidence further tending to establish the fact

of the *corpus delicti,* as well as to prove the fact that the defendant committed the crime. In *People* v. *Jenkins, supra,* and in the decisions there cited, the courts have gone no further than to hold in effect that proof of the *corpus delicti* may not rest solely upon the confession of the defendant. We therefore are of the opinion that the court did not err in refusing the instruction as offered by the defendants.

Enough has been said herein to show that the court did not err in refusing the instruction (b) above mentioned. The proposed instructions referred to under point (c), *supra,* relate to circumstantial evidence. It should be noted here that the so-called "confessions" assumed to have been made by the defendants do not appear to have been actual confessions of guilt, but were limited to admissions of certain facts tending to support the theory of their guilt.

[5] The argument of appellants in support of their contention that the court erred in refusing to give their requested instructions "upon the weight of circumstantial evidence" is limited to a quotation from an Indiana decision, together with the citation of decisions from other states, declaring the rule that where the state relies upon circumstantial evidence for a conviction, every circumstance necessary to constitute the chain relied upon must be established beyond a reasonable doubt. Very probably many decisions to like effect could have been cited from the reports of our own state. Without searching through the rejected instructions to find other grounds of criticism than those proposed by appellants, we think it sufficient to say that as to the suggested objections they are met by the fact that the same proposition in other terms was contained in instructions which were given by the court. For the court in this case did instruct the jury fully upon the doctrine of reasonable doubt, and also in relation to circumstantial evidence, including therein an instruction that "if one set or chain of circumstances leads to two opposing conclusions, one or the other of such conclusions must be wrong, and, therefore, if you have any reasonable doubt as to which of said conclusions the chain of circumstances points to, a reasonable doubt would be thereby created, and you should give the defendants the benefits of the doubt and acquit them"; also that "until every material allegation and every

ingredient of the crime has been proved to the entire satisfaction of the jury beyond a reasonable doubt,'' it was the duty of the jury to acquit the defendants; and the further statement that ''if two opposing conclusions could with equal propriety be drawn from the evidence, that conclusion which favors innocence should be adopted, and the one which points to the guilt of the accused should only be adopted when convincing beyond a reasonable doubt.''

Judgment affirmed; order denying motion for new trial affirmed.

Conrey, P. J., and Houser, J., concurred.