[Crim. No. 941.   Fourth Dist.   July 29, 1953.]

THE PEOPLE, Respondent, v. LESLIE D. ADAMS,
Appellant.

Karl F. King and Charles E. Ward for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant and appellant was convicted by the court upon two counts of an information. One charged that on August 15, 1952, he committed the crime of arson (violating Pen. Code, § 449a—burning of a Studebaker sedan), and in another count he was charged with grand theft of the sedan. Judgment was that appellant be committed to state's prison. Four years' probation was granted and execution of sentence was suspended on certain conditions, one being that appellant serve 60 days in the county jail. He was acquitted upon a count charging that he burned another automobile on August 13, 1952.

It is appellant's contention that the evidence does not show sufficient legal corroboration of the testimony of an admitted accomplice to sustain the charge of arson, nor sufficient identification of the property alleged to have been stolen.

One Jaco, appellant's alleged accomplice, testifying for the People, stated that he and appellant were living together in an apartment in San Bernardino; that appellant had a Studebaker coupé and was working at a gas station near the place of Jaco's employment; that about midnight on August 14th, they met at the gas station and later drove away in appellant's coupé; that appellant asked him where he could obtain a radio; that appellant said he knew where some new cars were parked and he might obtain a radio

which would fit his Studebaker; that they proceeded to the place indicated, took with them a screwdriver, pliers, and a flashlight, and entered a Studebaker car parked in an open garage; that appellant opened the door of the car and began to disassemble the radio while Jaco acted as a lookout; that appellant, with Jaco's assent, backed the car into the street and proceeded away from the premises and asked Jaco to follow him in his Studebaker; that they drove out in the Reche Canyon and appellant took the radio out of the stolen Studebaker and Jaco removed the aerial and they were put in the appellant's Studebaker; that appellant "pumped a lot of gas into the carburetor" of the stolen car, broke the gas line, and tried to start it; that this caused gasoline to be thrown all over the motor, and that appellant then set fire to it; that he set fire to the upholstery and the headlining in the car with his cigarette lighter; that they then drove appellant's Studebaker back to the gas station where appellant worked, placed it in an enclosed garage and installed the stolen radio in appellant's car; and that they later drove to their apartment. Jaco identified the stolen radio (in evidence) as the one taken from the burned Studebaker.

Mr. Rogers, the owner of the stolen car, testified that "as best he could recall," it had license plates bearing No. 9W387; that it was a 1950 Studebaker Starlight coupé and had a radio of the push-button tuning type installed; that it had a defective push button; and that it looked exactly like the one in evidence which was shown to have a defective push button; that on August 14th he left his car in his open type garage and last saw it there about 9 p.m. that night; that the next time he saw it was a few days later, completely burned, and the radio was missing. He identified photographs of it which showed the remaining numbers on the license plate as "W-387." He testified that the paint on the car had been completely destroyed but he identified a mark on the rear bumper which was caused some time before.

Several officers were called to the scene where the burned car was found. They had pictures taken of it. The radio was missing and only a hole in the fender top remained where the aerial had probably been removed. The officer stated that the license plate number was 9W387.

A special agent for the Auto Theft Bureau testified as to the burned condition of the car in the engine compartment, and the burning of the upholstery in the front and rear seat

of the car, and that in his opinion the fire from the engine did not pass from the engine compartment to the interior of the car.

Another witness testified she rode in appellant's car sometime in August ("It could have been the 17th"), but she did not remember, and it had a radio in the dashboard; that he might have had it in his car a week or more before that time.

Appellant's employer stated that appellant was to have worked on August 15th "but he came in with a banged up leg" and said he was unable to work. Appellant was not employed at this station after August 15th.

After the arrest appellant told a deputy sheriff that he did not have a radio in his Studebaker when he bought it but he purchased one from the Pep Boys in Long Beach in August, 1952; that he installed it at the service station where he worked. After the deputy told appellant that Jaco had told him how he and appellant were implicated in the theft and the burning of two cars, appellant remarked that he had purchased the radio from Jaco for $10 and that he knew it was stolen when he bought it; that the two of them put it in his automobile at the service station in the early morning hours on "some date in August." Another officer took the radio from appellant's car with appellant's permission, after appellant told him he bought it from Jaco for $10, and the officer placed identifying marks on it. It was received in evidence at the trial.

Appellant did not take the witness stand to testify. He presented certain character witnesses. Appellant's father testified that appellant had a radio in his car on August 15th; that he first saw it there on August 8th and it was in all respects similar to the one in evidence. Another witness testified for defendant and he stated that on August 14th, about 2 p. m., he and defendant went hunting on an Indian reservation; that appellant remained there until about 9:30 p. m., and that he noticed a radio in appellant's car at that time. There was considerable conflict in the testimony as to whether appellant was employed at the service station on the day indicated.

An examination of the entire record clearly indicates that there was sufficient identification of the Studebaker car that was burned to demonstrate that it was the car belonging to the prosecuting witness. (*Hughes* v. *Hartman,* 206 Cal. 199, 202 [273 P. 560].) The radio taken from it was sufficiently identified. (*People* v. *Frahm,* 107 Cal.App. 253,

265 [290 P. 678]; *People* v. *Grimes,* 113 Cal.App.2d 365 [248 P.2d 130].) There was sufficient corroboration of the testimony of the claimed accomplice to support a conviction on both counts here involved. (*People* v. *Henderson,* 34 Cal.2d 340, 345 [209 P.2d 785]; *People* v. *King,* 40 Cal.App.2d 137, 141 [104 P.2d 521]; *People* v. *Griffin,* 98 Cal.App.2d 1, 25 [219 P.2d 519]; *People* v. *Gallardo,* 41 Cal.2d 57, 62 [257 P.2d 29], and footnote.) ■ The evidence relating to the setting of the fire in two separate places in the automobile corroborated the testimony of the accomplice that it was of incendiary origin, and not the result of an accident. (*People* v. *Saunders,* 13 Cal.App. 743 [110 P. 825].)

■ If the evidence against the appellant, considered by itself without regard to conflicting evidence, tends to support the verdict, the question ceases to be one of law, of which this court alone has jurisdiction, and becomes one of fact upon which the decision of the trial court or jury is final and conclusive. (*People* v. *Saunders, supra.*) ■ Questions as to the weight of the evidence and the credibility of the witnesses are for the trier of fact, and it may believe and accept a portion of the testimony of a witness and disbelieve the remainder. ■ On appeal, that portion which supports the judgment must be accepted. (*People* v. *Henderson,* 34 Cal.2d 340, 346 [209 P.2d 785]; *People* v. *Thomas,* 103 Cal. App.2d 669, 672 [229 P.2d 836].) Under the evidence and law applicable thereto, the judgment and order denying a new trial must be affirmed.

Judgment and order affirmed.

Barnard, P. J., and Mussell, J., concurred.