[No. 20883.   Department One. — May 25, 1892.]

THE PEOPLE, RESPONDENT, v. J. F. PERINI ET AL., APPELLANTS.

94  573|
6137  268|

CRIMINAL LAW — RECEIVING STOLEN GOODS — DOUBLE PUNISHMENT — NATURE OF OFFENSE. — Section 496 of the Penal Code, which provides for the punishment of a defendant convicted of receiving stolen goods "by imprisonment in the state prison not exceeding five years, or in the county jail not exceeding six months, or by both," does not authorize a double punishment, and violates no provision of the constitution.   The offense is a felony or misdemeanor according to the nature of the judgment.

ID. — POWER OF LEGISLATURE. — The power to define offenses and fix penalties therefor rests entirely with the legislature.

ID. — LARCENY BY ASSISTANT FOREMAN OF WAREHOUSE — PURCHASE OF STOLEN GOODS. — An assistant foreman of a warehouse, who has authority to deliver property stored in the warehouse upon proper orders presented to him, but who has no authority to sell any of the property, is guilty of larceny in selling the property, and the buyer of such property, knowing the same to have been stolen, is guilty of the crime of receiving stolen goods.

ID. — RECEIVING EMBEZZLED GOODS. — Even if it be conceded that the act of the assistant foreman in selling the property in the warehouse was technically embezzlement, the parties buying the property from him would still be guilty of the crime of receiving stolen goods.

ID. — REASONABLE DOUBT — GUILTY INTENT — BURDEN OF PROOF — ERROR
IN INSTRUCTION. — An instruction to the jury in a criminal action, that
" the effect of the statutory rules of evidence is, that when the doing of
an act which, if coupled with a guilty intent, would be a violation of the
law is proven, the burden of proving the act to have been done without
intent, to the extent of creating a reasonable doubt of the defendant's
guilt upon the whole case, is, in most cases, thrown upon the accused,"
is erroneous.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion of the court.

*Lawler & Gray*, for Appellants.

*Attorney-General Hart*, for Respondent.

PATERSON, J. — The defendants were convicted of the
crime of receiving stolen goods, knowing the same to
have been stolen, and were sentenced to serve a term of
sixty days in the county jail.

It is claimed that section 496 of the Penal Code, under
which the defendants were prosecuted and convicted, is
unconstitutional, because it provides for punishment
" by imprisonment in the state prison not exceeding five
years, or in the county jail not exceeding six months,
or by both."

We are unable to appreciate the force of the argument
that this section authorizes a double punishment, and
know of no provision of the constitution which it vio-
lates. The power to define offenses and affix penalties
therefor rests entirely with the legislature. Whether a
person convicted of this offense has committed a felony
or a misdemeanor can be ascertained by the nature of
the judgment. If the defendant is sentenced to serve a
term in the state prison, the crime is a felony; other-
wise, a misdemeanor. (Pen. Code, secs. 16, 17.)

The evidence is sufficient to sustain the verdict. The
evidence introduced by the prosecution shows that Gel-
ston stole the property and sold it to the defendants,
who had knowledge of the facts. Gelston was an assis-

tant foreman of the warehouse where the property was stored, but had no authority to sell any of the property. His offense was therefore larceny.   (2 Russell on Crimes, 8th Am. ed., 178–180; Stephen's Digest of Crim. Law, 247, 248; *Reg.* v. *Norval,* 1 Cox C. C. 95.)   He had authority to deliver property stored in the warehouse upon proper orders presented to him, but the legal possession of the property remained in the owner of the warehouse.

If it be assumed, however, that the acts of Gelston constituted technical embezzlement, the result must be the same; the goods were *stolen.*   "Embezzlement is a species of larceny. . . . . It is distinguished from larceny, properly so called, as being committed in respect of property which is not at the time in the actual possession of the owner."   (*People* v. *Burr,* 41 How. Pr. 293.)   It is frequently termed "larceny by bailee."   (Anderson's Law Dict., tit. Embezzlement.)   Statutes defining embezzlement are intended to punish certain kinds of theft which were not criminal offenses at common law.   The offense in this state is punishable "in the manner prescribed for feloniously stealing property of the value of that embezzled."   (Pen. Code, sec. 514.)

The court gave to the jury the following instruction: "The effect of the statutory rules of evidence is, that when the doing of an act which, if coupled with a guilty intent, would be a violation of the law is proven, the burden of proving the act to have been done without intent, to the extent of creating a reasonable doubt of the defendants' guilt upon the whole case, is, in most cases, thrown upon the accused."   This was error. (*People* v. *Ribolsi,* 89 Cal. 498.)

The judgment and order are reversed, and the cause is remanded for a new trial.

GAROUTTE, J., and HARRISON, J., concurred.