CASHIN, J.
 

 The defendant was charged by an information filed in the superior court of Alameda County with a felony, to wit, an attempt to commit burglary, and was convicted. An appeal was taken from the judgment and from an order denying a motion for a new trial; and it is claimed that the evidence was insufficient to support the verdict.
 

 The offense was alleged to have been committed at a dwelling-house in Berkeley, and the testimony shows that about 11 o’clock" P. M. on October 25, 1926, the occupants of the dwelling, whose bedroom in the second story opened upon a balcony, observed a person who climbed over the balcony and approached the doors which led therefrom into the bedroom. Upon the occupants becoming aroused the intruder dropped from the balcony to escape. The police were notified, and about thirty minutes after the occurrence the defendant was arrested in the vicinity and brought to the dwelling, where he was identified by one of the occupants as the person seen upon the balcony. It was a moonlight night, and the identification was based upon the size and build of the person observed, the color of his clothes, and the fact that a gray cap was worn, all of which corresponded with the appearance of the defendant. Subsequently, according to the testimony of another of the occupants of the dwelling, the defendant, who was then in jail, stated to the witness that he was the person seen upon the balcony, and that it was his intention to enter the dwelling for the purpose of obtaining something by the sale of which he might procure food, and this statement was repeated by the defendant in a written confession signed by him. The record sufficiently shows that the statement and confession were freely and voluntarily given without inducement or intimidation, and both were properly admitted in evidence.
 

 Defendant contends that aside from the statements mentioned the evidence was insufficient to prove the
 
 corpus delicti,
 
 and that the verdict is therefore unsupported.
 

 Although no conviction may be had upon the extrajudicial confessions of a defendant unless such confessions be corroborated by proof
 
 aliunde
 
 of the
 
 corpus delicti,
 
 it is held in the following eases that upon
 
 prima facie
 
 proof of the
 
 corpus delicti
 
 the extrajudicial statements, admissions, or confessions of the accused may be admitted in evidence; and having been so admitted may, with other evidence, be considered by the jury in its determination whether or not all the elements of the crime and the defendant’s connection therewith have been established beyond a reasonable doubt.
 
 (People
 
 v.
 
 Selby,
 
 198 Cal. 426 [245 Pac. 426];
 
 People
 
 v.
 
 Domenighini,
 
 81 Cal. App. 484 [254 Pac. 292].)
 

 In order to constitute the offense of an attempt to commit a crime the attempt must be manifested by acts which would end in the consummation of the particular offense but for the intervention of circumstances independent of the will of the party
 
 (People
 
 v.
 
 Murray,
 
 14 Cal. 159). While mere intention to commit a crime followed by no overt act is not an offense, here the evidence showed an overt act from which in view of the circumstances an intention to commit the crime of burglary might reasonably be inferred; and the evidence was sufficient without the aid of the extrajudicial statements to establish
 
 prima facie
 
 the elements of the offense charged.
 

 The verdict of the jury was fully supported by the evidence, and no error .being shown the judgment and order are affirmed.
 

 Tyler, P. J., and Knight, J., concurred.