[Crim. No. 1577. First Appellate District, Division One.—August 28, 1930.]

THE PEOPLE, Respondent, v. JESS MADEROS et al., Appellants.

M. F. Ryan and W. L. Claibourne for Appellants.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

THE COURT.—The defendants Maderos and Atwine were charged jointly with having burglarized a Pacific Fruit

Express car belonging to the Santa Fe Railroad Company. They entered pleas of not guilty and were tried together before a jury, each being found guilty of burglary of the second degree. Judgments of sentence were pronounced accordingly, and each defendant has appealed.

The guilt of the defendants was established by circumstantial evidence and by their oral admissions, contradictory statements and confessions. At the close of the People's case Maderos moved that the court instruct the jury to acquit upon the ground that the *corpus delicti* had not been established. The motion was denied. No briefs have been filed in furtherance of their appeals, but counsel for Maderos appeared at the time the causes were called for oral argument and again urged the point, on behalf of both defendants, that the *corpus delicti* had not been established and that in any event it was not established before the trial court allowed the prosecution to prove defendants' incriminating statements, and that therefore the trial court erred in so doing. We find no merit in either point.

 Prior to introducing the testimony relating to defendants' statements, evidence was introduced by the prosecution tending to establish the following facts: The car that was burglarized contained two grades of potatoes in sacks. It was consigned to Hunt, Hatch & Co., and at the time of the alleged burglary was standing on a spur-track near the consignee's warehouse in Oakland. When the car arrived early on the morning of December 6, 1929, it was sealed, and the bill of lading called for 349 sacks of potatoes. Shortly after the arrival of the car the seal was broken by an inspector and about noon of that day one of the Hunt, Hatch & Co. salesmen opened the door of the car and found its contents disturbed. The No. 2 potatoes were pushed aside, and 25 sacks of the No. 1 potatoes had been removed. About noon of that day or shortly thereafter a special officer in the employ of one of the railroad companies on duty in the vicinity of said warehouse saw two men, one of a dark complexion, and the other a colored man (the defendant Atwine is a colored man), driving a Ford truck loaded with sacks of potatoes away from the car. At that time the truck was a block or two distant from the car. The special officer did not scrutinize the men so that he could afterwards identify them as being the defendants,

but he took the number of the license plate of the truck. The prosecution also proved that on the morning of the alleged burglary or the day prior thereto, defendant Atwine negotiated with the proprietor of a restaurant in Oakland to sell him a quantity of potatoes and that on the afternoon of the alleged burglary the defendants delivered at the restaurant twenty-five sacks of potatoes and that the proprietor afterwards paid Atwine therefor. Thereupon the prosecution offered testimony to show that Maderos at first denied having had anything to do with the theft of the potatoes, but that afterwards he admitted that the same were taken from the car by himself and Atwine and hauled in his truck bearing the license plate above mentioned to said restaurant and there delivered. Atwine made similar incriminating statements. The foregoing evidence was legally sufficient in our opinion to establish the *corpus delicti* and therefore justified the court in admitting the testimony relating to said incriminating statements.

As said in *People* v. *Selby,* 198 Cal. 426 [245 Pac. 426, 431] : " 'The proof of the *corpus delicti* which must be produced before admissions or confessions of the defendant may be allowed to be put in evidence need not be sufficient to satisfy the minds of the jurors beyond a reasonable doubt of the *corpus delicti.* It is sufficient if the preliminary· proof be of a substantial character tending to establish the *corpus delicti.* . . . Such substantial evidence may be corroborated and strengthened by admissions and confessions of the defendant, and the proof beyond a reasonable doubt required by the law thus supplied. . . . ' " (See, also, *People* v. *Roganovich,* 77 Cal. App. 158 [246 Pac. 132].)

The judgments are affirmed.