[Crim. No. 3057. Second Appellate District, Division Two.—January 17, 1938.]

THE PEOPLE, Respondent, v. ERNEST M. DAVIS, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—Defendant was convicted of the crime of attempted burglary and appeals from the judgment and from the order denying him a new trial.

On the evening of August 28, 1937, at approximately 10 P. M., defendant was observed in front of the bedroom window of an inhabited dwelling, into which he had no permission to enter, with his hands upraised towards the window. It was so dark that it could not be told whether or not he was actually touching the window. There were coats and purses on the bed in the room. The defendant was standing between a hedge and the house, a space only three or four feet wide. Defendant was asked what he was doing there. Instead of answering, he ran away, leaving his car parked across the street. After his arrest the defendant admitted that he had been at this house at the time in question. When the officer asked him, "Is it a fact that you were up there attempting to get into the window to obtain some purses that were in there?", defendant replied, "I have been a thief all my life. There is no use kidding you." He also admitted on the witness stand that at the time in question he took off his coat and vest and hid them and then went to where he had parked his car. But there was a crowd of people around it. He inquired what the commotion was about and was told, "They are after a burglar." He then left.

The defendant's chief contention is that the prosecution failed to prove the *corpus delicti*. In support of this proposition he stresses two points: (a) that his acts merely amounted to a preparation to commit the crime, and (b) that no felonious intent was shown.

With regard to defendant's proposition (a), the evidence produced by the prosecution went much further than mere

preparation and showed acts at the scene of the proposed crime which would have naturally resulted in the crime of burglary had the defendant not been scared away. For illustration, his approach within a foot or two of the bedroom window at 10 o'clock at night with his hands upraised toward the window. (*People* v. *Gilbert*, 86 Cal. App. 8 [260 Pac. 558]; *People* v. *Carter*, 73 Cal. App. 495, 501 [238 Pac. 1059].) The crime of burglary is complete when a hand is passed through the window with felonious intent. (*People* v. *Parker*, 119 Cal. App. 246, 250 [6 Pac. (2d) 82].) Approaching the window and raising of the hands either to open it or to reach through it would clearly be an overt act directly proceeding toward the consummation of the substantive crime.

With regard to the defendant's contention that there was no proof of intent to commit larceny, the intent with which an act is committed is ordinarily a question of fact for the jury and may be properly inferred from the surrounding circumstances (*People* v. *Noon*, 1 Cal. App. 44 [81 Pac. 746]; *People* v. *Carter*, *supra*) and any other fact and circumstance in evidence bearing upon the question. The courts in this state have repeatedly held that the proof of the *corpus delicti* need only be *prima facie* to admit the confession of a defendant. (*People* v. *Gilbert*, *supra; People* v. *Maderos*, 108 Cal. App. 51 [290 Pac. 1075].)

Judgment and order affirmed.

Wood, J., and McComb, J., concurred.