[Crim. No. 3297.   Second Appellate District, Division Two.—April 11, 1940.]

THE PEOPLE, Respondent, v. ALFRED MARTONE, Appellant.

Gladys Towles Root and Eugene McPherson for Appellant.

Earl Warren, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

MOORE, P. J.—Defendant was accused by information of the crime of attempted burglary together with a prior conviction for violation of section 107 of the Penal Code, which makes it a felony to attempt to escape a prison, and a prior conviction of the crime of burglary.   He admitted his prior convictions but denied that he was attempting to commit a burglary at the time of the apprehension in the instant case, and having been convicted of attempted burglary of the second degree, he appeals from the judgment after conviction

by the court. The only ground for his appeal is the insufficiency of the evidence to sustain the judgment.

On the morning of July 15, 1939, at 2:16 o'clock A. M., a police officer of the city of Los Angeles saw defendant leaning against the glass door with his right arm through the glass which had been broken. The pane appeared to be about two feet square. The building to which said door constituted the entrance, stood at the corner of North Broadway and Workman Streets, in the city of Los Angeles. The door opened on Workman Street. Upon the approach of the officer, defendant stepped away from the door and inserted his right hand into his pocket. On the withdrawal of his hand from his pocket, it was found to hold a crescent wrench. An examination of the locks on the door disclosed that a lock on the inside had been scratched by some hard substance and that the clasp against the wall had scratches on it. Moreover, a further examination of the premises, after darkness had passed, indicated that the hook which held the lock on the back door of the store on Workman Street was bent and the window was smashed. His identity as the intruder, the fact that he had his arm through the broken glass of the door; that he held in his hand an instrument capable of breaking locks and of opening doors, leaves little to be said on behalf of the innocence of defendant. The trial judge sitting as a jury was warranted in finding that he had attempted a burglary.

Where a person climbed over a second-story balcony and approached the door leading therefrom into a bedroom and fled upon arousing the occupants, he was guilty of attempting to commit a burglary, although he never touched the door. The evidence indicated an overt act, and from the attendant circumstances, the intention to commit the crime of burglary was reasonably inferred without the aid of any extrajudicial admissions. (*People* v. *Gilbert,* 86 Cal. App. 8 [260 Pac. 558].) Where a person was observed in front of a bedroom window of an inhabited dwelling with his hands upraised toward the window, where coats and purses were on the bed inside and the defendant was found standing in a space less than four feet wide between the hedge and the house, such acts "would have naturally resulted in the crime of burglary had the defendant not been scared away". (*People* v. *Davis,* 24 Cal. App. (2d) 408 [75 Pac. (2d) 80].) The intention

with which an act is committed is ordinarily a question of fact for the jury and may be properly inferred from the surrounding circumstances. (*People* v. *Carter,* 73 Cal. App. 495 [238 Pac. 1059].) The presence of this defendant at the front door of the premises with his right arm projecting into the inside, at an hour when the world is asleep, without any sort of explanation of his presence there or of his possession of the wrench with which he had worked upon the lock of the door on the inside was sufficient to warrant the trial court in finding that he was possessed of an intent to burglarize the store. It has been held that the possession of burglary tools is appropriate evidence after proof of a burglary. (*People* v. *Parkinson,* 138 Cal. App. 599 [33 Pac. (2d) 18].)

The contention is made by defendant that in order to convict him of burglarious intent, it was necessary to presume such intent. With this we cannot agree. The circumstances surrounding him at the time of his apprehension furnish sufficient evidence, which, if believed by the trial judge, would warrant the inference of intent to commit a burglary. (*People* v. *Mize,* 80 Cal. 41 [22 Pac. 80] ; *People* v. *Perini,* 94 Cal. 573 [29 Pac. 1027].) Certainly, breaking a door of a building belonging to a stranger at 2 o'clock in the morning could not have been done with a view of protecting the property or for any other lawful purpose. The fact that merchandise was on the inside and that it was of such character as is daily consumed by human beings is additional proof that a housebreaker at such an hour in the morning would have intended to take possession of certain contents of said store.

The judgment is affirmed.

Wood, J., and McComb, J., concurred.