[Crim. No. 2380.   First Dist., Div. Two.   Apr. 3, 1946.]

THE PEOPLE, Respondent, v. JOHN ERNEST FITCH, Appellant.

Joseph F. O'Malley and Nathan C. Coghlan for Appellant.

Robert W. Kenny, Attorney General, David K. Lener and Miriam E. Wolff, Deputies Attorney General, Edmund G. Brown, District Attorney, and Bert Hirschberg, Assistant District Attorney, for Respondent.

DOOLING, J.—Defendant appeals from a judgment of conviction of burglary in the second degree, after trial before the court, a jury having been waived.

The evidence for the prosecution showed that on the night of February 28, 1945, a special police officer making his rounds in San Francisco found the lights on in a restaurant at 85 Natoma Street and a padlock on one of the doors broken. The officer tried the door and found it locked by the Schlage lock which was fitted into the door. He went to summon his partner and some thirty-five minutes later returned with two other special officers. They found a window broken, the door open and the lights extinguished. Upon entering they found the defendant lying behind the counter with some vomited matter on the floor near his head, "either drunk or sick." A can containing gum was found on the counter. The restaurant owner testified that when he left the restaurant the night before this can had been under the counter.

A police inspector who interviewed the defendant on the following morning testified that defendant, who was on parole from the state prison, told him that he had met a man named Hathaway who, he believed, could give him information as to the person who had actually committed the robbery of which defendant claimed he had previously been wrongfully convicted. That he got into a car with Hathaway and two Negroes and they gave him a drink from a bottle which must have been a "micky finn"; that he got sick and dizzy and tried to get out of the car; that the other occupants beat and kicked him and then took him to 85 Natoma Street, broke into the premises and threw him inside; and that he heard them say "that they would frame him on his parole."

The defendant on the stand gave substantially similar testimony except that he testified that when he was beaten he "passed out" and remembered nothing thereafter until he recovered consciousness after his arrest. The defendant admitted that he had previously been convicted of several felonies.

The evidence, although entirely circumstantial, was ample to support the judgment of conviction. The defen-

dant's presence in the restaurant, with the window broken and the door open, supports the trial judge's conclusion that defendant forcibly broke and entered the premises. The intent to commit theft could reasonably be inferred from the fact that the box containing the gum had been moved from its place under the counter. (*People* v. *Swenson,* 28 Cal. App.2d 636 [83 P.2d 70].) Indeed it could be inferred from the forcible and unlawful entry alone. (*People* v. *Martone,* 38 Cal.App.2d 392 [101 P.2d 537]; *People* v. *Davis,* 24 Cal. App.2d 408 [75 P.2d 80]; *People* v. *Soto,* 53 Cal. 415; *People* v. *Winters,* 93 Cal. 277 [28 P. 946].)

The trial judge was not bound to believe defendant's testimony. It was impeached by his admission of his conviction of other felonies and by the inconsistencies with his admissions to the police inspector. The transcript shows that the trial judge concluded that defendant while intoxicated broke and entered with the intention of committing theft. We cannot reweigh the evidence further than to determine that there is substantial evidence to support that conclusion. (*People* v. *Quinn,* 12 Cal.App.2d 752, 754 [55 P.2d 277].)

█ Appellant cannot complain of the fact that the trial judge examined his record showing certain convictions of misdemeanors since his counsel expressly consented thereto.

█ Nor was he in any way prejudiced by the interruption of his cross-examination to take some testimony from other witnesses. Not only was no objection made, but the trial judge has a wide discretion in controlling the order of proof.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.