[Crim. No. 4376. Second Dist., Div. Two. Nov. 4, 1949.]

THE PEOPLE, Respondent, v. PERCY H. GIBSON, Appellant.

Francis D. Thornton for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

MOORE, P. J.—Convicted by the court of attempted burglary of the second degree, appellant now seeks a reversal of the judgment on the ground of the insufficiency of the evidence. In the course of his argument he contends that the court erroneously admitted evidence of his admissions without proof of the corpus delicti.

About 12:30 o'clock of a January morning appellant crossed an alley extending easterly from San Fernando Road, the principal thoroughfare of Burbank. He carried a 14-foot wooden ladder which he placed horizontally by the fence in the rear of a department store. The darkness of the night was marred only by the street lights which were reflected into the alley. Having deposited his burden he stood erect, looked upward and walked along the edge of the building. Having reconnoitered the premises back to the point from which Police Officer Wooten had witnessed the prowler's movements he then proceeded easterly for 120 feet when commanded to halt. As he stood in the beam of the officer's flashlight he stated that he was considering whether he could use the ladder at his home and that he might steal it. Wooten then observing that this denizen of darkness wore brown

cotton gloves, placed him under arrest and directed him to the police station where, having left the man in the custody of a fellow officer, he returned to the scene of his capture where he found a burlap sack which contained various tools and burglars' equipment, including an 8-pound sledge hammer, bits, braces, flashlights, gloves and 30 feet of quarter-inch white rope ladder of about 15 steps. In addition to the contents of the sack appellant had in his pockets two flashlights, wire cutters and a coil of small brown copper wire. Wooten took also from the man's possession the keys to his automobile which was found two blocks east of the department store. It was registered in the name of appellant's wife.

At the station appellant talked freely; said that he was fixing to commit a burglary. While he had not yet selected a building, ''he said after I got on top I was going to see which was the most likely looking spot . . . He was coming to find the most likely looking spot with the rope to go down.'' Appellant told the officers that he had been in and out of several penal institutions for attempted burglary. Regarding the crippled condition of his left hand he answered that when he had refused to halt on the command of a Sacramento officer he was cut down with a shotgun. He had possessed the rope ladder 10 days and had been picking up his tools here and there.

There was no error in admitting in evidence the statements made to the officers after prima facie proof of the corpus delicti. (*People* v. *McMonigle*, 29 Cal.2d 730, 738 [177 P.2d 745]; *People* v. *Davis*, 24 Cal.App.2d 408, 410 [75 P.2d 80].) There is no necessity that it be proved beyond a reasonable doubt before other evidence corroborates it, and if admissions of participation in the crime were voluntarily made they are competent proof also of the corpus delicti. Two elements only are essential to an attempted crime, namely, a specific intent and an ineffectual overt act directed at its consummation. (*People* v. *Fiegelman*, 33 Cal.App.2d 100, 104 [91 P.2d 156]; *People* v. *Lombard*, 131 Cal.App. 525, 530 [21 P.2d 955].) It is not necessary that the overt act proved should have been the ultimate step toward the consummation of the design. It is sufficient if it was ''the first or some subsequent step in a direct movement towards the commission of the offense after the preparations are made.'' (*People* v. *Fiegelman, supra,* 105.) Of course, the intent of any person at the time of his attempt to offend the state is a question of fact. It may be inferred from the cir-

cumstances in evidence. (*People* v. *Martone,* 38 Cal.App.2d 392, 394 [101 P.2d 537] ; *People* v. *Davis,* 24 Cal.App.2d 408, 410 [75 P.2d 80] ; *People* v. *Gilbert,* 86 Cal.App. 8, 9 [260 P. 558].) In view of the midnight appearance of appellant carrying a 14-foot ladder in an alley of a business section, his placing it beside a department store 20 feet high, his possession of a burlap bag containing divers tools adapted to the burglar's art, and wearing gloves to avoid leaving traces of his identity, it required no strain upon the conscience or the logic of the court to deduce that the purpose of this midnight tour was to enter an inclosure for the purpose of theft. In the Davis case, *supra,* the accused was seen with hands merely upraised towards a window. He fled when asked his purpose. His admissions to the police were admitted as evidence of his intent. His acts went much further than mere preparation and would have resulted in burglary had he not been frightened. In the Gilbert case the defendant was observed at 11 p. m. climbing over a balcony near the doors to a bedroom. Frightened by the aroused occupants he dropped to the ground. In each of the last cited cases the acts of the accused would have culminated in a burglarious entry but for the interference of other agencies outside the will of the actor. The trial court in the instant action was warranted in finding that appellant's midnightly, solitary drive from Santa Monica to Burbank and his appearance at the rear of a department store would have resulted in a burglary but for the rude gun, the flashlight, and ''halt'' command of Officer Wooten.

Since the admissions of appellant were competent proof of his intent to commit a burglary, his guilt of an attempt to do so was established beyond a reasonable doubt. (*People* v. *McMonigle,* 29 Cal.2d 730, 738 [177 P.2d 745].)

Slight acts in furtherance of a criminal purpose are sufficient proof of one's attempt to accomplish his design. (*People* v. *Lanzit,* 70 Cal.App. 498, 507 [233 P. 816] ; *People* v. *Fiegelman,* 33 Cal.App.2d 100, 105 [91 P.2d 156] ; *People* v. *Miller,* 2 Cal.2d 527, 530 [42 P.2d 308].) They are sufficient when they constitute a direct movement towards the consummation which was prevented by an agency inhibitive of the offense. (*Ibid.*)

It is not practicable to prescribe guiding rules for determining what constitutes overt acts done in furtherance of a criminal scheme, plan or purpose. Whether one or more acts of the offender constituted an attempt to achieve his unsocial

design is a fact to be determined by the exercise of common sense and with a fair knowledge of the behavior of people of average intelligence and honesty. When a man threatens to kill his neighbor, then (1) buys a gun and (2) conceals himself on the neighbor's premises, his two acts are clearly done in furtherance of his declared purpose. If a man traveled 25 miles from his home by the seashore to Burbank north of the Hollywood hills to find a store to burglarize and thereafter was detected by an officer at midnight bearing a ladder down a dark alley and placing it at the rear of a department store and if he is equipped with all the tools commonly used by burglars, there could be no doubt that he was attempting to commit a burglary. His guilt is not less because after having committed such overt acts, he admits that they were done for a burglarious purpose. There was nothing equivocal about his tools, the ladder, the gloves he wore, the hour he chose or the store he approached. It could not reasonably be said that he was out to improve his health or the condition of the merchant on San Fernando Road. Even without his admissions, his criminal purpose was clearly evident. With such admissions in evidence his attempt to commit burglary was positively established.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.