[Crim. No. 5309.   Second Dist., Div. Three.   May 4, 1955.]

THE PEOPLE, Respondent, v. EDWARD LEE LOGGINS et al., Defendants; LINDY EDELMAN, Appellant.

Lindy Edelman, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant Lindy Edelman appeals from a conviction by a jury of first degree burglary. An information charging appellant Edelman and one Loggins with burglary of the home of Truman Shaffer was filed June 15th. They were arraigned June 17th and pleaded not guilty. July 15th, the information was amended to include a prior conviction of appellant, and both defendants were rearraigned. Trial was commenced July 30th.

Truman Shaffer was away from home for the evening and when he returned about 2 a. m. he encountered defendant and Loggins in front of his house. Appellant was carrying four suits of Shaffer's, a pink shirt and other items of clothing valued at $500. The pink shirt and a cleaner's check were subsequently discovered in Edelman's home, and a gray suit was obtained with the check. Shaffer identified the suit and shirt as his. After an argument in front of the house, appellant and Loggins fled with the clothing. A rear window of Shaffer's home had been broken and the house had been ransacked and was in disorder. Shaffer had not given appellant or Loggins permission to enter.

In defense appellant testified that he thought the clothes belonged to Loggins since Loggins had lived with Shaffer

for two weeks the previous March, that Loggins was merely returning to get his clothes, and that he, appellant, merely stood outside the house and received the clothes as Loggins handed them out.

Appellant assigns as his first ground of error that he was denied a trial within 60 days after the filing of the information as required by section 1382 of the Penal Code. In this the appellant is mistaken, since the record shows that the information was filed June 15th and the trial commenced on July 30th.

Defendant next asserts that the amendment of the information to include his prior conviction in Oklahoma was improper and deprived him of his constitutional rights. The amendment was made pursuant to Penal Code, section 969a, which allows amendment of the information if it has not charged all prior felonies of which the defendant has been convicted in this state or elsewhere. This section was held constitutional in *People* v. *Wilson,* 101 Cal.App. 376 [281 P. 700]. Penal Code, section 1008, also allows amendment of the information at any time before defendant pleads, without leave of court, and, thereafter, with leave of court. The amended information here was filed in open court and is presumed to have been filed pursuant to leave of court, although the minutes of the court do not so state.

Appellant next contends that his prior conviction in Oklahoma and his present conviction must run concurrently since the later conviction was not ordered to run consecutively. There is nothing in the record to show that the prior sentence had not been served.

Appellant urges he was improperly convicted of first degree burglary; that the evidence was only sufficient to sustain a conviction of burglary in the second degree. Penal Code, section 460, reads: "Every burglary of an inhabited dwelling-house or building committed in the nighttime, and every burglary, whether in the daytime or nighttime, committed by a person armed with a deadly weapon . . . is burglary of the first degree.

"2. All other kinds of burglary are of the second degree. . . ." The burglary in question here falls within the definition of first degree burglary since it was the entry of an inhabited dwelling in the nighttime. A dwelling-house is inhabited within the meaning of this section although the residents or inhabitants are temporarily absent from the premises. (*People* v. *Allard,* 99 Cal.App. 591, 592 [179 P.

182] ; *People* v. *Stewart,* 113 Cal.App.2d 687, 691 [248 P.2d 768].)

The evidence was sufficient to sustain the conviction. (See *People* v. *Stewart, supra.*)

■ The intent of the accused in entering a house was a question of fact, and where the circumstances and conduct of the accused reasonably indicate his purpose in doing so is to commit a larceny or any felony, a verdict of guilty of burglary will not be disturbed on appeal. (*People* v. *Kittrelle,* 102 Cal.App.2d 149, 156 [227 P.2d 38].) ■ The intent to commit theft could reasonably be inferred from the forcible and unlawful entry. (*People* v. *Fitch,* 73 Cal.App.2d 825, 827 [167 P.2d 211] ; *People* v. *Davis,* 24 Cal.App.2d 408, 410 [75 P.2d 80].)

Other grounds of appeal are unsubstantiated by the record. The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.