[Crim. No. 3045.   First Dist., Div. Two.   June 20, 1955.]

THE PEOPLE, Respondent, v. DONALD BRYCE
LAWRENCE, Appellant.

Donald Bryce Lawrence, in pro. per., and Leslie G. Mac-Gowan, under appointment by District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant was charged in two counts of second degree burglary; also with four prior convictions of burglary. He pleaded guilty to the four prior convictions. He was tried to a jury on the information. He was found guilty of the charge in count one, and not guilty under the second count. He appealed from the judgment alone and filed a lengthy brief in propria persona. Upon our prelimi-

nary examination of this paper the court found that he had completely failed to cover the issues involved and his present counsel was assigned to appear for him. Said counsel has made a very creditable effort in appellant's behalf on a case which is wholly without merit.

The facts are simple and bear no aspect of insufficiency to support the judgment. At about 3:30 a. m. a witness heard a crash of breaking glass coming from a nearby jewelry store. He found that the front window of the jewelry store had been broken by a brick. He called the police, and an officer close by saw defendant running down the street in a semi-crouched position indicating that he was carrying something in his arms. Defendant was seen kneeling at the base of a tree after which he continued running with his arms free yelling "stop thief" in an effort to create the impression that he was chasing the real thief. No one else was seen on the street at the time. Later an officer discovered a package containing the stolen jewelry at the base of the tree where defendant had been seen kneeling. Defendant was taken back to the jewelry store and, on examination, several pieces of glass were found attached to his clothing. These were analyzed as coming from the broken window. His defense was that he was drunk at the time and that some other person had committed the burglary.

The chief argument made for appellant is the failure of the trial court to instruct the jury as to the "included" crime of attempt to commit burglary. He cites *People* v. *Davis,* 24 Cal.App.2d 408 [75 P.2d 80] ; and *People* v. *Carmen,* 36 Cal.2d 768 [228 P.2d 281], among others. No one of the cases is applicable here. More pertinent is our recent decision in *People* v. *Brown,* 131 Cal.App.2d 643 [281 P.2d 319], a case where the two defendants were convicted of a conspiracy to murder Brown's wife. We held that it was not error for the trial court to refuse to instruct the jury that it might convict Brown of the crime of an accessory after the fact. We held that all the evidence showed a conspiracy to commit the murder and that no evidence was offered tending to prove the offense of an accessory after the fact. We held there that *People* v. *Carmen, supra,* was not applicable but that the case was controlled by *People* v. *Sanchez,* 30 Cal.2d 560, 567 [184 P.2d 673], where the Supreme Court held that it was not error to refuse to instruct the jury on an issue which was contrary to defendant's testimony. Here the testimony of the defendant was that he witnessed another commit the bur-

glary.  There was no testimony of any witness that defendant had merely made an unsuccessful attempt.  He got away with the jewelry.

■  Appellant next contends that the trial court erred in failing to instruct the jury on the element of corpus delicti. This is a favorite subject among those judges and attorneys who seek to show their erudition by the use of a few words in a foreign language.  The expression means nothing more than "the body of the crime" which in plain English when related to a charge of burglary, means an unlawful breaking and entering.  The case here shows that the defendant made an unlawful "breaking" when he smashed the glass window of the jewelry store, and an unlawful "entry" when he reached through the broken window and took away the watches stored therein.  Other points do not require discussion.

We find no error in the record.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 20, 1955.