Filed 3/30/15  P. v. Sparks CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEROY MARK SPARKS,<br><br>    Defendant and Appellant. | A140620<br><br>(Contra Costa County<br>Super. Ct. No. 05-131898-9) |

Defendant Leroy Mark Sparks appeals from a judgment convicting him of first degree burglary in violation of Penal Code sections 459 and 460, subdivision (a).[1] On appeal, defendant contends that there was insufficient evidence to establish a burglary, and that the trial court committed certain prejudicial errors during the course of the jury trial. We shall affirm the judgment.

## BACKGROUND

There was evidence of the following facts at trial. On Tuesday, March 27, 2012, around 9:20 a.m., Steve Kaspar was driving past his friend Thomas Arbuckle's house on Pacheco Boulevard in Martinez. When he saw an unfamiliar blue bicycle and a backpack lying on the driveway, he pulled over and walked to the back of the house. The back door was closed but the hasp and padlock securing the door were broken away and dangling from the building. He opened the door and saw defendant standing next to a black bag. Defendant appeared to have something in his hands, which he set down when Kaspar

---

[1] All statutory references are to the Penal Code unless otherwise noted.

1

entered. Kaspar asked defendant to explain himself and ordered him outside. On receiving no satisfactory explanation for defendant's presence, Kaspar asked defendant to leave. Defendant picked up his backpack and bicycle, and rode south on Pacheco Boulevard.

Kaspar got into his vehicle and drove south on Pacheco Boulevard. He flagged down a Concord police car and told Officer Eugene Davis about defendant's presence in the Arbuckle home. Kaspar described defendant as "a fellow on a bicycle with a rucksack." Davis spotted defendant with a green backpack and wearing a white baseball cap and confirmed with Kaspar that defendant was the person he had seen in the house. Davis made a U-turn to catch up with defendant but could not find him. When he couldn't spot defendant while heading southbound, he turned back northbound. He then spotted defendant again traveling southbound, without a baseball cap. Davis made another U-turn, caught up with defendant and detained him. Martinez police officers arrived and arrested defendant after Kaspar identified him.

Martinez Police Officer Adam Winslett confiscated defendant's backpack for Arbuckle to inspect but Arbuckle determined that none of the contents of the backpack belonged to him. He later testified that nothing had been stolen from his house. Arbuckle did testify that a black bag containing tools had been displaced from where he normally kept it.

Defendant did not testify at trial, but his attorney argued that the evidence did not prove beyond a reasonable doubt that he entered the house with the intent to steal. He suggested that defendant was homeless and entered the house simply to seek shelter on a cold day.

The jury found defendant guilty of first degree burglary and the court sentenced him to four years in prison, plus fines and fees. Defendant timely noticed his appeal.

## DISCUSSION

### I. SUFFICIENCY OF EVIDENCE TO SUSTAIN THE CONVICTION OF BURGLARY

Defendant contends the evidence was insufficient to prove beyond a reasonable doubt that he entered the house with the intent to commit grand or petit larceny or any

2

felony. He acknowledges that he committed trespass but argues that there is no evidence that he took or intended to take anything from the house.

When the evidentiary support for a conviction is challenged on appeal, the appellate court must review the whole record in the light most favorable to the judgment to determine whether there is substantial evidence permitting a reasonable trier of fact to find a defendant guilty beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 562.) The reviewing court must presume in support of the judgment every fact the trier could have reasonably deduced from the evidence. (*Id.* at p. 576.) Substantial evidence must be reasonable in nature, credible and of solid value. (*Ibid.*)

To commit burglary of the first degree, one must enter an inhabited dwelling house with the intent to commit grand or petit larceny or any felony. (§§ 459, 460, subd. (a)). There is no dispute that defendant entered the inhabited Arbuckle home without the owner's permission. The only question is whether he entered with the intent to steal.

Specific intent is rarely susceptible of direct proof and usually must be inferred from the circumstances disclosed by the evidence. (*People v. Earl* (1973) 29 Cal.App.3d 894, 896, overruled on different point in *People v. Duran* (1976) 29 Cal.3d 282, 292.) If the facts and circumstances support a reasonable inference that the defendant's purpose in entering the premises was to commit larceny or any felony, the conviction may not be disturbed on appeal. (*People v. Matson* (1974) 13 Cal.3d 35, 41.) The judgment of the trial court may be set aside only if it clearly appears that upon no hypothesis is there sufficient substantial evidence to support it. (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

Intent to steal may be inferred from forcible and unlawful entry. (*People v. Martone* (1940) 38 Cal.App.2d 392, 393-394 [defendant found in early hours of the morning standing next to a broken glass door with damaged locks, holding a wrench]; *People v. Winters* (1892) 93 Cal. 277, 280-282 [defendant found rummaging in closets, allegedly seeking something to eat]; *People v. Davis* (1938) 24 Cal.App.2d 408, 410; *People v. Soto* (1879) 53 Cal. 415, 416). In the present case, defendant forcibly entered

the house, and offered no satisfactory explanation when questioned by Kaspar. This alone may support a reasonable inference that he entered with the intent to steal.

The inference is also supported by the fact that the owner's black bag containing tools was found to have been moved. The inference may reasonably be drawn that defendant intended to steal the tools, regardless of the fact, which defendant stresses, that Arbuckle did not testify to where the tools were normally kept. In *People v. Fitch* (1946) 73 Cal.App.2d 825, the defendant was found lying inside a restaurant with the window broken and door open. Although he advanced another reason for his presence, the trier of fact found that he entered with the intent to commit theft. The Court of Appeal held that such intent could reasonably be inferred from the fact that some property had been moved from its original place. (*Ibid.*) The same inference may be drawn here, further buttressed by the fact that defendant dropped something he was holding when confronted by Kaspar.

It is for the jury, and not the appellate court, to weigh the evidence. The unauthorized forcible entry, lack of an explanation when confronted, and movement of property, fully support the jury's finding that defendant had larcenous intent when he entered the Arbuckle house.

## II. FAILURE TO INSTRUCT THE JURY ON LESSER OFFENSE OF TRESPASS

Defendant argues that the trial court erred in failing, sua sponte, to instruct the jury on the elements of the lesser offense of trespass. He contends that trespass (§ 602.5, subd. (a)) is a lesser included offense of burglary under the accusatory pleading test, and that the trial court erred in not giving that instruction regardless of counsel's failure to request the instruction. We disagree.

A trial court has a sua sponte duty to instruct the jury on a lesser included offense "[w]hen there is substantial evidence that an element of the charged offense is missing, but that the accused is guilty of" the lesser offense. (*People v. Webster* (1991) 54 Cal.3d 411, 443.) Substantial evidence in this context is evidence from which a reasonable jury could conclude that the defendant committed the lesser, but not the greater, offense. (*People v. Ochoa* (1998) 19 Cal.4th 353, 422.) An offense may be deemed a lesser included offense under either of two tests. Under the so-called elements test, the elements

4

of the greater offense as defined by statute must include all the elements of the lesser offense. Defendant concedes that trespass is not a lesser included offense of burglary under the elements test.

Defendant contends trespass is a lesser included offense of the burglary charged in this case under the second test, the so-called accusatory pleading test. "Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former." (*People v. Reed* (2006) 38 Cal.4th 1224, 1227–1228.) "[S]o long as the prosecution has chosen to allege a way of committing the greater offense that necessarily subsumes a lesser offense, and so long as there is substantial evidence that the defendant committed the lesser offense without also committing the greater, the trial court must instruct on the lesser included offense." (*People v. Smith* (2013) 57 Cal.4th 232, 244.)

The information in the present case charged defendant with commission of first degree residential burglary and alleged that defendant "did unlawfully enter a dwelling house . . . with the intent to commit larceny and a felony." Criminal trespass, also known as "unauthorized entry," is the entry of a noncommercial dwelling house *without consent of the owner*. (§ 602.5, subd. (a).) Defendant argues that all the elements of trespass are included in the burglary charged in the information and that he, therefore, could not have committed the burglary with which he was charged without also committing trespass.

Defendant's contention is based on the incorrect premise that the nonconsensual entry required for trespass is necessarily included in the allegation in the information that defendant committed an "unlawful" entry. It is the defendant's intent to steal or commit another felony that makes an entry unlawful for the purpose of committing a burglary, not the owner's lack of consent. (See *People v. Salemme* (1992) 2 Cal.App.4th 775, 780-781.) " 'The law . . . is that one [who enters a structure with the intent to commit petty theft or a felony] may be convicted of burglary even if he enters with consent, *provided he does not have an unconditional possessory right to enter.*' " (*Id.* at p. 780.) In *People v. Birks* (1998) 19 Cal.4th 108, our Supreme Court in dictum confirmed that an allegation of willful or unlawful entry in a pleading charging burglary does not allege a fact

5

necessarily present in a trespass. The court stated: "Nor did the allegations set forth in Count 1 of the instant information necessarily include criminal trespass. Count 1 simply alleged that defendant '*did wilfully and unlawfully enter* a commercial building . . . with intent to commit larceny and any felony' " (*Id.* at p. 118, fn. 8, italics added.)[2] Trespass is only a lesser *related* offense of burglary, as to which there is no sua sponte obligation to instruct. (*People v. Foster* (2010) 50 Cal.4th 1301, 1343-1344.)

Since there was no request for a trespass instruction, the court did not err in failing to give one.

### III. DENIAL OF A CONTINUANCE

Defendant argues that the trial court wrongly excluded certain evidence but the court made no ruling excluding the evidence to which defendant refers. Defendant's objection is that the court denied his request for a midtrial continuance to enable him to obtain a witness who would testify concerning a previous break in of Arbuckle's home. Arbuckle testified that on December 13, 2011, his house had been broken into through the rear door, and nothing had been stolen. He also testified that a Mr. Hudson, his neighbor, had given him some information about the incident. According to defendant, Hudson told Arbuckle that he had seen a blue bicycle on the driveway on the day of the incident. Defendant sought a day's continuance to permit him to get Hudson to court to testify about the incident and the bicycle. He argued that this testimony would support the inference that he broke into the house in December in a similar manner and did not steal anything, therefore showing that he similarly did not wish to steal anything in the charged incident and sought only shelter.

Granting or denying a motion for midtrial continuance is within the sound discretion of the trial court, which must consider the benefit the moving party anticipates from additional evidence that may be obtained by a continuance, and the likelihood the benefit will result. (*People v. Fudge* (1994) 7 Cal.4th 1075, 1105–1106.) In the absence

---

[2] Moreover, contrary to the contention made at oral argument, the allegations in the information that the charged burglary is a violent felony under section 667.5, subdivision (c)(21) does not imply that the entry was made without consent.

of an abuse of discretion and prejudice, denial of the motion does not require reversal of a conviction. (*People v. Zapien* (1993) 4 Cal.4th 929, 972.)

The court denied defendant's request, referring to Evidence Code section 352 and concluding that the evidence defendant sought was not probative, and that interrupting the trial would be a waste of time. The court stated that Hudson's statement would not provide relevant evidence because there was no evidence that defendant had committed the December 2011 break-in and that any suggestion that the testimony would bear on defendant's state of mind in March 2012 would be pure speculation. Whatever the probative value of the testimony defendant was hoping to produce, whether the anticipated evidence was sufficiently significant to justify a trial continuance was a matter within the court's discretion. We cannot say the trial court's decision was so arbitrary or irrational as to constitute an abuse of discretion. There was, in fact, no other testimony or proffered testimony that defendant had committed the December 2011 break-in; that the bicycle observed by Hudson was the same bicycle defendant was riding on March 27, 2012; or that, even if the defendant was the person who broke into Arbuckle's home in December 2011, that he did not then intend to steal something. The court could reasonably have concluded that the marginal value of such evidence to show defendant's intent in March 2012 was insufficient to justify a continuance, especially since there was no explanation for not having the witness available to testify in a timely manner.

IV. TRIAL COURT'S RESPONSE TO JURY'S QUESTION

Defendant's next ground of appeal is that the trial court erred by improperly answering a question from the jury during its deliberations relating to the instruction on theft by larceny. In the initial jury instructions the trial court gave the CALCRIM No. 1700 instruction on burglary, which requires the defendant to have entered the building with the intent to commit theft, and the court gave the CALCRIM No. 1800 instruction on the four elements of theft by larceny. While deliberating, the jury sent a note with the following question: "Can you please clarify Pen[al] Code 484? Do all four items have to occur?" After discussing the question with counsel, the court responded to

7

the question as follows: "CALCRIM 1800 defines a violation of Penal Code 484, theft by larceny, which is not the charged offense. Please refer to CALCRIM No. 1700 for the elements of the charged offense in this case." The jury promptly returned its guilty verdict.

Initially, any objection to the court's response was waived because defense counsel participated in the formulation of a response and affirmatively approved it. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1193.) The court confirmed three times that the instruction was agreeable to both counsel. Thus, the issue has not been preserved for appeal. (*People v. Boyette* (2002) 29 Cal.4th 381, 430.)

In any case, the court's response was not objectionable. "When a jury asks a question after retiring for deliberation, '[s]ection 1138 imposes upon the court a duty to provide the jury with information the jury desires on points of law.' "[3] (*People v. Eid* (2010) 187 Cal.App.4th 859, 881–882.) This does not mean the court necessarily must elaborate on the standard instructions. (*People v. Beardslee* (1991) 53 Cal.3d 68, 97.) Where "the original instructions are themselves full and complete, the court has discretion under section 1138 to determine what additional explanations are sufficient to satisfy the jury's request for information." (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1213, superseded by statute on different grounds in *In re Steale* (2004) 32 Cal.4th 682, 690.) Defendant argues that the court's answer did not clarify the jury's apparent confusion as to the relationship between theft by larceny and burglary, and misdirected the jury from considering the elements of theft. He argues that the correct response would have been to specify that the defendant must have intended all the elements of the crime of theft at the time of entry. We disagree.

---

[3] Section 1138 provides: "After the jury have retired for deliberation, if there be any disagreement between them as to the testimony, or if they desire to be informed on any point of law arising in the case, they must require the officer to conduct them into court. Upon being brought into court, the information required must be given in the presence of, or after notice to, the prosecuting attorney, and the defendant or his counsel, or after they have been called."

The initial burglary instructions clearly and correctly stated that to find defendant guilty of burglary, the jury must find, beyond a reasonable doubt, that defendant intended to commit theft at the time of entry. Defendant does not contend there is any error or ambiguity in this instruction, and there is none. In response to the jury's question, the court referred the jury back to the correct instructions including CALCRIM No. 1800 defining the elements of theft by larceny, and CALCRIM No. 1700 defining burglary to include the intent to commit such theft. There was no need for the court to say more. Both attorneys had argued whether the circumstantial evidence (also defined in the initial instructions) did or did not prove that defendant entered the Arbuckle home with such an intent. There is no reason to assume that after the court responded to the jury's question it misunderstood what it was necessary to find in order to conclude that defendant was guilty of the charged burglary.

## V. JURY INSTRUCTION ON FLIGHT

Defendant's final argument is that the trial court erred in giving an instruction on flight as the prosecution requested. In support of its request, the prosecution argued that Officer Davis initially lost sight of defendant after making a U-turn, and that defendant appeared later without his cap. The prosecutor argued that it was a reasonable inference that defendant turned down a side street and removed his cap when he saw the police officer pull over and turn around, in order to avoid the officer and disguise his identity. Defendant contends there was no evidence—as opposed to speculation—that he slipped down a side street, and that it is unreasonable to infer he removed his hat as an attempt to disguise himself.

Section 1127c requires the trial court to give an instruction on flight where evidence of flight is argued to reflect guilt. The court gave the CALCRIM No. 372 flight instruction which read: "If the defendant fled or tried to flee immediately after the crime was committed or after he was accused of committing the crime, that conduct may show that he was aware of his guilt. If you conclude that the defendant fled or tried to flee, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled or tried to flee cannot prove guilt by itself."

"An instruction on flight is properly given if the jury could reasonably infer that the defendant's flight reflected consciousness of guilt, and flight requires neither the physical act of running nor the reaching of a far-away haven. [Citation.] Flight manifestly does require, however, a purpose to avoid being observed or arrested." (*People v. Crandell* (1988) 46 Cal.3d 833, 869, revd. on different grounds by *People v. Crayton* (2002) 28 Cal.4th 346, 364-365; see also *People v. Carter* (2005) 36 Cal.4th 1114, 1182.) Here, defendant had just been caught inside a home without permission. The fact that the officer lost sight of him after Kaspar pointed him out to the officer, while the officer was simply executing a U-turn, and that the defendant, for no apparent reason, altered his appearance by removing his cap, supports a reasonable, if not a conclusive, inference that defendant was fleeing and attempting to avoid arrest. The instruction merely permitted the jury to consider evidence of flight in deciding defendant's guilt or innocence; it did not suggest that the jury should consider such evidence as dispositive. (*People v. Carter, supra,* p. 1182.) The court did not err in giving the instruction.

## DISPOSITION

The judgment is affirmed.

_____
Pollak, Acting P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.

10