Filed 3/9/21  P. v. Sabala CA3
See concurring & dissenting opinion

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>NICHOLAUS ALEXANDER SABALA,<br><br>  Defendant and Appellant. | C090574<br><br>(Super. Ct. No. 19FE010199) |

After a jury found defendant Nicholaus Alexander Sabala guilty of first degree residential burglary (Pen. Code, § 459; all statutory section references that follow are found in the Penal Code), and found true the allegation that another person other than an accomplice was inside the home during the burglary (§ 667.5, subd. (c)(21)), the trial court sentenced him to four years in state prison and imposed various costs.  On appeal, defendant contends:  (1) there was insufficient evidence for his conviction; and (2) the trial court improperly imposed costs after determining defendant was unable to pay, and without first holding a hearing to determine defendant's ability to pay.  We affirm the judgment and remand for correction of the abstract of judgment.

1

FACTS AND PROCEDURAL HISTORY

Around 10:00 p.m. on June 9, 2019, a Sacramento homeowner, asleep in her bed, woke to the sound of her doorbell ringing. The homeowner saw no one at the front door, but later heard a "rustling" sound by the "shrubs" "along the driveway" of the house. She called 9-1-1.

While making the call, the homeowner saw "a man trying to chisel off [the] screen and come through [the] kitchen window." The man was "holding something in his hand, trying to pry [the] screen off." Later, the man "jumped [a] gate and ended up in the backyard."

Minutes later, a Sacramento police officer detained defendant in the neighborhood Defendant had several plastic bags, which held assorted "junk," including used paper cups.

After a "field showup," and due to his stature and shape, the homeowner positively identified defendant as the man she saw outside her home that night.

The homeowner observed that the window screen had "scratch marks on it, and the screen was half removed but still attached to the window." The windows and screens were "brand new," as a sale of the house was pending. A "For Sale" sign was outside her home.

In closing statements, the prosecutor argued defendant's "intent was to go inside and try to steal something . . . . He sees if someone is home. He's there late and when it's dark out. He tries to pry the window open."

Defense counsel argued it was "absolutely . . . possible" that defendant intended to steal items from inside the home. But that was "not the only possible explanation." Another possibility was that defendant intended "to find a place . . . to sleep for the night, a place to squat for the night," given the "for sale sign in front of" the house, and the evidence that defendant was homeless -- the "bags full of junk" defendant had.

In August 2019, a jury found defendant guilty of first degree burglary (§ 459) and found true the allegation that another person other than an accomplice was present during the burglary (§ 667.5, subd. (c)(21)).

In October 2019, the trial court imposed a sentence of four years (the middle term) in state prison.

Regarding costs, the trial court ordered defendant to pay a mandatory restitution fine of $300 (§ 1202.4), a suspended parole revocation fine of $300 (§ 1202.45), a $40 court security fee (§ 1465.8), and a $30 facility fee (Gov. Code, § 70373). The trial court explained that it "waived for inability to pay" "[a]ll non-mandatory fees and fines." Neither party commented on the costs at the hearing.

This appeal followed.

DISCUSSION

I

*Insufficient Evidence of Intent to Steal*

Defendant argues we must reverse his conviction, because there was insufficient evidence that he intended to steal anything from inside the home. The People disagree. We conclude the evidence was sufficient.

We review claims concerning the sufficiency of the evidence "in the light most favorable to [the People] and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Lewis* (1990) 50 Cal.3d 262, 277.) On appeal, we must affirm the conviction as long as a rational trier of fact could have found guilt based on the evidence and the inferences reasonably drawn therefrom. (*People v. Millwee* (1998) 18 Cal.4th 96, 132.)

To sustain a burglary conviction, we ask whether the jury could reasonably determine that the defendant possessed the intent to commit a felony at the time of entering the dwelling. (See *People v. Gbadebo-Soda* (1995) 38 Cal.App.4th 160, 166;

3

§ 459 [burglary elements include "intent to commit grand or petit larceny or any felony"].)  But a defendant's intent is rarely susceptible of direct proof and must usually be inferred from all of the facts and circumstances disclosed by the evidence.  When the evidence justifies a reasonable inference of felonious intent, we will not disturb the verdict on appeal.  (*People v. Holt* (1997) 15 Cal.4th 619, 669-670.)

It is undisputed that evidence defendant removed part of a window screen is sufficient to prove unlawful entry.  (See *Magness v. Superior Court* (2012) 54 Cal.4th 270, 273 ["It has long been settled that the slightest entry by any part of the body or an instrument is sufficient"; "entry" occurs when "a part of the body or an instrument . . . penetrate[s] the outer boundary of the building"].)

As for defendant's intent at the time of entry, the facts here justify the jury's finding that defendant had intent to steal an item from inside the home, because – as the prosecutor argued – defendant tried to remove a window screen at night (without the homeowner's permission).  " 'Burglarious intent can reasonably be inferred from an unlawful entry alone.' "  (*People v. Martin* (1969) 275 Cal.App.2d 334, 339; see *People v. Jones* (1962) 211 Cal.App.2d 63, 71-72 ["Burglarious entry may be inferred from the fact that appellant unlawfully and forcibly entered the home of another"]; *People v. Fitch* (1946) 73 Cal.App.2d 825, 827 [intent to commit theft "could be inferred from the forcible and unlawful entry alone"].)

That the facts might also suggest defendant actually intended to sleep in the home, not steal from it, does not alter the analysis, because we must affirm the judgment if the circumstances reasonably justify the jury's finding of guilt even if we believe the circumstances might also reasonably be reconciled with a contrary finding.  (*People v. Thomas* (1992) 2 Cal.4th 489, 514.)

Accordingly, defendant's unlawful entry here warranted a conclusion that he intended to steal from the homeowner.  That is sufficient evidence to support the burglary conviction.

4

## II

### *People v. Dueñas*

Invoking *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant argues the trial court violated constitutional principles by imposing costs despite finding an inability to pay, and without holding a hearing to determine defendant's ability to pay. He argues the costs imposed should be "vacated or stayed unless and until the prosecution proves [defendant] has the present ability to pay."

The People argue defendant has forfeited on appeal this argument, because he did not object to the trial court's imposition of costs. Defendant responds that we "may . . . consider the issue under a claim of ineffective assistance of counsel."

We need not resolve the questions of forfeiture and effective assistance of counsel, because we conclude this claim lacks merit.

Defendant's claim hinges on the *Dueñas* analysis finding due process principles mandate an ability to pay hearing before imposing fines and fees. We are not persuaded this analysis is correct. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp,* at pp. 95-96, review granted.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and fees at issue in *Dueñas* and in this proceeding. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019,

S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

## III

### *The Abstract of Judgment*

The abstract of judgment does not list the section 667.5(c)(21) enhancement found true by the jury.  We shall direct the clerk of the trial court to prepare an amended abstract of judgment listing the enhancement.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate courts may correct errors and omissions in abstracts of judgment at any time].)

### DISPOSITION

The judgment is affirmed.  The clerk of the trial court shall prepare an amended abstract of judgment listing the section 667.5(c)(21) enhancement and forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

_____

HULL, Acting P. J.

I concur:

_____

MURRAY, J.

ROBIE, J.

I concur fully in part I of the Discussion but write separately regarding part II, which addresses defendant Nicholaus Alexander Sabala's ability-to-pay argument. Defendant believes *Dueñas* calls into question the trial court's imposition of mandatory fines and fees without first determining his ability to pay. (*People v. Dueñas* (2019) 30 Cal.App.5th 1157.) I disagree with the majority's conclusion that *Dueñas* was wrongly decided but concur in the result because defendant forfeited the argument by failing to raise it in the trial court during the sentencing hearing. *Dueñas* was decided on January 8, 2019; defendant's sentencing hearing was held in October 2019. Counsel is presumed to know applicable law. (See *People v. Barrett* (2012) 54 Cal.4th 1081, 1105.) I decline to consider defendant's conclusory alternative argument that his trial counsel was ineffective for failing to raise the objection.

To establish ineffective assistance of counsel, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) On direct appeal, a judgment will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Ibid.*) Defendant fails to meet his burden to demonstrate counsel had no tactical purpose for failing to object. Defendant, in essence, asks the court to presume that every homeless individual will automatically be found not to have the ability to pay *all* fines, fees, and assessments. That we cannot do.

1

Because I conclude defendant forfeited the argument, I do not consider the merits.

 

 

_____

Robie, J.